LUCY CARPER v. SAMSON CARPER ET AL.

[48 South. 186.]

DIVORCE. *Alimony. Enforcement of decree. Contempt proceedings. Imprisonment for debt.*

> Where, in a divorce suit joined with a proceeding in the nature of an attachment in chancery for alimony, the complainant wife obtained a decree against the defendant husband for alimony *pendente lite* and suit money which ordered the husband's codefendants to pay into court the sums admitted by them to be due the husband, the codefendants, debtors of the husband, cannot be adjudged in contempt of court for failure to make payment as directed.

FROM the chancery court of Alcorn county.

HON. JOHN QUITMAN ROBBINS, Chancellor.

Mrs. Carper, appellant, was complainant in the court below; Carper, her husband, and others, appellees, were defendants there. The suit was for divorce, alimony and suit money and was besides somewhat in the nature of an attachment in chancery. Deloach and others, debtors of the husband, defendants, were charged with being indebted to the husband and enjoined from paying him. Deloach and other like defendants answered the bill, each admitting an indebtedness to the husband. An interlocutory decree was granted awarding complainant alimony *pendente lite* and suit money, and directing Deloach and others to pay into court the sum admitted by them respectively to be due. The defendant husband failed to pay the decree allowing alimony *pendente lite* and suit money and Deloach and others, debtors of the husband, failed to pay into court the sums which they had admitted were due from them respectively to the husband. Thereafter complainant began proceedings against defendants for contempt of court for failing to make the payments. The court below refused to adjudge the defendant Deloach and others, debtors of the husband, in contempt. From

the decree dismissing the contempt proceedings against them the complainant appealed to the supreme court.

*Lamb & Johnson,* for appellant.

Code 1906, § 999, provides that "the supreme, circuit and chancery courts shall have power to fine and imprison any person guilty of a contempt of the court while sitting but the fine shall not exceed one hundred dollars for each offense, nor shall the imprisonment continue longer than thirty days. If any witness refuse to be sworn or to give evidence, or if any officer or person refuse to obey, or perform any rule, order, or judgment of the court, such court shall have power to fine at discretion and imprison such officer or person until he shall give evidence or until the rule, order or judgment shall be complied with." It seems apparent under the facts in this case that the duty of the chancellor is marked out and shown conclusively in this code section. Deloach who had been ordered to pay over to the clerk of the court such sum as he owed to Samson Carper had failed to comply with the requirements of the court to that effect. "Disobedience or resistance to, or a contempt to prevent the execution of, a lawful order, judgment, decree or mandate of the court, is an interference with, or a contempt to obstruct the due administration of justice; and is therefore a contempt. 9 Cyc. 8.

No attempt has been made on the part of the Deloach to explain why the indebtedness shown in his answer was not paid into court. In the case of *Watson v. Williams,* 36 Miss. 341, this court stated that "the power to fine and imprison for contempt from the earliest history of jurisprudence has been regarded as a necessary incident and attribute of a court without which it could no more exist than without a judge. Contempts against the courts, in the administration of their laws are insults offered to the authority of the people themselves, and not to the judges, the humble agents of the law whom they employ in the conduct of their government." See also *Shattuck v. State,* 51 Miss. 55; *Gildersleeve v. Lester,* 68 Hun. 535.

"Where, under the statute law the court has authority to require the delivery to a receiver of all assets including money, failure to comply with an express requirement of the court for such delivery is contempt." *Ryan v. Kingsberry,* 88 Ga. 361.

In the case of *Eikenberry v. Edwards,* 56 Am. Rep. 360, the defendant was ordered to turn over certain notes to be sold in satisfaction of an execution. He was held to be guilty of contempt for disobedience of the order notwithstanding the fact that the notes were not in his hands, but were instead in the hands of a nonresident of the state, where it was shown that they were under his control. See also *State v. Becht,* 23 Minn. 411; *Re Milburn,* 59 Wis. 24.

No counsel appeared for appellees.

FLETCHER, J., delivered the opinion of the court.

We have no difficulty in reaching the conclusion that the chancellor very properly refused to permit the debtor of the defendant, against whom a decree for alimony *pendente lite* and counsel fees had been rendered, to be harassed with contempt proceedings. He was an ordinary debtor of the respondent, and to punish as a contempt of court his failure to pay his obligation would be nothing more nor less than an imprisonment for debt. He occupies an attitude entirely different from the husband, who after proper inquiry was directed to pay alimony and suit money. Because, upon well-settled principles, the husband can be required to defray these charges or suffer the penalty imposed for contempt of court, it does not follow that the court may extend this authority over third persons who are so unfortunate as to be indebted to the husband. Authorities dealing with trustees in charge of specific funds, or persons having the control of specific property, have no application to a mere indebtedness, which can never be treated as a fund under the control of the court.                *Affirmed.*