34 So.2d 4

### SATTERFIELD v. SATTERFIELD.

8 Div. 408.

Supreme Court of Alabama.

Feb. 19, 1948.

Wm. C. Rayburn, of Guntersville, for appellant.

Marion F. Lusk, of Guntersville, for appellee.

FOSTER, Justice.

This is an appeal from a decree overruling demurrer to a petition filed after a decree of divorce between the parents whereby petitioner, who is the father, seeks a modification of the decree so as to award the permanent custody and control of their infant child. The court to which the petition is addressed is the court which rendered the decree of divorce dated August 31, 1945. In that decree it is provided that the infant "be given to complainant (the wife) until the respondent is discharged from the Navy, and then the court will pass upon the permanent custody of the child. The respondent is to have the right to visit said child at all reasonable times."

The petition alleges that he was discharged from the Navy in January 1946; that the child lives in a household of nine people, in a dilapidated cabin, and that the mother is the only wage earner, receiving $18 per week, and one of them has an old age pension of $30 a month; that the child is not receiving proper attention; that the mother does not look after it as she should, but spends her evenings away from home in dissolute company, and is committing acts of adultery with divers men, and is no longer fit to have the custody of the child; but that petitioner has remarried since his discharge, and is gainfully employed, and lives with his parents in an adequate and com-

fortable home, and that his wife and parents are eager to assist in bringing up the child in said home.

■ There is no doubt of the power of the court to modify the provision as to the custody of the child as changed conditions from time to time may demand. Hayes v. Hayes, 192 Ala. 280, 68 So. 351; Moss v. Ingram, 246 Ala. 214, 20 So.2d 202; White v. White, 247 Ala. 405, 24 So.2d 763; Padgett v. Padgett, 248 Ala. 234, 27 So.2d 205.

■ We think the allegations of the petition are sufficient to invoke the jurisdiction of the court further to consider the question of the best interest of the child in the light of present conditions and determine what presently should be done about its custody to promote its welfare.

We think the demurrer was properly overruled.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.