68 So.2d 63

## HALE v. HALE.

### 6 Div. 546.

Supreme Court of Alabama.

Nov. 5, 1953.

Roger F. Rice, Birmingham, for appellant.

Marvin H. Galin, Cullman, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court modifying a decree of divorce dated June 30, 1952, with respect to the custody and control of minor children of the parties. The children are Julia Ann Hale and Janice Hale. They are eight years old and four years old respectively.

The decree of June 30, 1952, granted a divorce to Freida Hale from Hershall Hale. In this decree the custody and control of the minor children was awarded to the father Hershall Hale with the right of visitation to the mother. The decree further provided that the mother shall have the right to have the children visit with her each alternating week-end from noon Saturday to 6:00 p. m. Sunday.

After the witnesses testified orally before the court, the court entered a decree modifying the decree of June 30, 1952, so as to provide that the care, custody and control of the minor children was awarded to the father Hershall Hale during the school months with the right of visitation to the mother, while the care, custody and control of the minor children was awarded to the mother during school vacation months with the right of visitation to the father.

Each case of the kind now under consideration must rest upon its own facts and circumstances with, of course, the principle always in mind that the welfare of the child is of paramount importance. James v. James, 242 Ala. 140, 5 So.2d 616; Hammac v. Hammac, 246 Ala. 111, 19 So.2d 392. And of course the burden is on the petitioner to show a change of conditions which would justify a change of the original decree. Wheeler v. Kelley, 255 Ala. 614, 52 So.2d 700; White v. White, 247 Ala. 405, 24 So.2d 763.

No good purpose can be served here by setting out the evidence in detail. It is sufficient to say that we have studied the evidence with great care as it is always our desire to do our best for the children that come before us in proceedings of this kind. While there are conflicts in the evidence, in brief, it may be said that although the original decree of divorce was granted to the wife, the care, custody and control of the minor children was given to the father. Since that time he has cared for them in the home of his parents in Cullman County, Alabama. This home is a home equal to the average of such homes and is situated several miles out in the country from Cullman. The father is a farmer and is engaged with his father in farming the land on which the home is situated. As a

result the children have had sufficient food and clothing and there appears to be no doubt of their affection for the father and his affection for them. To this may be added the affection of the children for the grandparents and their affection for their grandchildren. The house is perhaps overcrowded and does not have modern facilities, but we do not find that the children have suffered from these conditions. The eldest child attends school and to do so walks about one-half mile to reach the school bus in good weather and is carried to the school in bad weather in an automobile which is owned by the father. The eldest child testified in the case and while her testimony should be discounted because of her tender age, she did not appear to show that she had a greater affection for one of her parents over the other. She seemed to love both of them.

According to the allegations of the petition for modification the mother was forced to leave the children with the father when the decree of divorce was granted, because she was without funds with which to care for them. We are inclined to believe from the evidence that while she procured the divorce, she had become dissatisfied with life on the farm in Cullman County. She went to Birmingham, Alabama, where in the course of time she married her present husband, Cecil Shults. This is his fifth marriage. Freida Hale Shults now lives with her husband in Tarrant City, Alabama. They have an apartment with modern facilities, with ample accommodations for the children. He earns about $70 per week. The children visit their mother from time to time and there is no doubt of her affection for them or their affection for her. Furthermore there are schools and churches in the area in which she lives.

There is some evidence tending to show some delinquencies on her part when the marriage with her former husband was breaking up, but this evidence does not appear to be convincing and evidently had no weight with the court, since the court did make a modification of its original decree.

We feel that in a case of this kind the trial judge has a peculiar advantage in making a decision in the case, because he is able to see and hear and observe the witnesses and parties in person. It is a familiar rule that we will not disturb a decree of the trial court, where the witnesses testify orally before the court, unless we are satisfied that the decree of the court is palpably wrong. We are not so satisfied in this case after a careful study of the record. Accordingly we are not willing to disturb the decree of the court. Tsimpides v. Tsimpides, 241 Ala. 46, 1 So.2d 17.

The decree of the lower court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.