94 So.2d 743

Gussie Mae BLANKENSHIP

v.

Clarence Don Q. BLANKENSHIP.

7 Div. 336.

Supreme Court of Alabama.

March 14, 1957.

Rehearing Denied May 9, 1957.

pellee) on the ground of cruelty—actual violence upon her person—and was awarded the custody of the child, a boy then four years of age, with the right of the father to visit the child at reasonable times and for the child to visit him. The husband was ordered to pay the wife the sum of $50 monthly for the care, maintenance and support of the boy. The provisions of the decree relative to custody and payment for support of the child were in accordance with a written agreement signed by the husband and wife on June 1, 1955, wherein it was stated, among other things: "That the Complainant [wife] is a fit and proper person to have the care, custody and control of their minor child," etc.

On February 6, 1956, the divorced husband, Clarence Don Q. Blankenship, married another woman and shortly thereafter on or about July 3, 1956, he filed a petition seeking modification of the provisions of the original decree dealing with the custody of the four-year-old boy and with payments for his care, maintenance and support.

After a hearing where the testimony was taken orally, the trial judge rendered a decree of modification wherein it was provided in part as follows: "The care, custody and control of the minor child, Donald Ray Blankenship, is hereby awarded to the respondent, Clarence Don Que Blankenship, provided, however, that the complainant herein the mother of said minor child shall have the custody of said child between the hours of nine o'clock a. m., and six o'clock p. m., on the second and fourth Sundays of each month, and the respondent herein is hereby ordered to deliver said custody to said complainant and procure said child from the custody of said complainant each such second and fourth Sunday of each month." The original decree was further modified so as to require the father to pay only $10 per month to the mother for the support and maintenance of the boy during the periods of time he is allowed to be with her. From the decree

Roger F. Rice, Birmingham, for appellant.

Beddow, Gwin & Embry and Roderick Beddow, Jr., Birmingham, for appellee.

LAWSON, Justice.

The wife (appellant here) on October 12, 1955, in an uncontested proceeding, secured a decree of divorce from the husband (ap-

**184**

of modification the mother has appealed to this court.

We are not going to set out the testimony in this case, for to do so would serve no useful purpose. Hill v. Gay, 252 Ala. 61, 39 So.2d 384. However, we have read the record with considerable care and although we are not too impressed with the testimony of the appellee and his hired detective concerning the appellant's conduct since the original decree was entered, such testimony, if true, would in our opinion justify the trial court's conclusion that "it would be to the best interests of the minor child" that his custody be awarded to the father.

As shown above, the testimony was taken orally before the trial court and the credit to be given to the testimony of the witnesses was for his determination. His finding, under the rule that prevails, has the weight of a jury verdict which this court will not disturb unless plainly and palpably wrong and contrary to the great weight of the evidence. Gardiner v. Willis, 258 Ala. 647, 64 So.2d 609; Johnson v. Johnson, 215 Ala. 487, 111 So. 207; Hill v. Gay, supra; Hale v. Hale, 259 Ala. 666, 68 So.2d 63. While we have some doubt as to the credit to be given the testimony of appellee and his detective, we cannot say after a careful study of the record that the decree of the trial court is palpably and plainly wrong.

References are made in brief of appellant to rulings of the court on the admission and exclusion of evidence, but such references do not arise to the dignity of argument and, hence, we have not felt inclined to deal with them specifically. However, we are of the opinion that none of the rulings so referred to would warrant a reversal of the decree.

The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.