229 So.2d 923

**Elnora RANDOLPH**

v.

**Leo RANDOLPH.**

**8 Div. 4.**

Court of Civil Appeals of Alabama.

Jan. 5, 1970.

Slate & Slate, Decatur, for appellant.

W. H. Rogers, Moulton, for appellee.

WRIGHT, Judge.

On the 13th of June, 1966, appellant obtained a decree of divorce from appellee in the Circuit Court of Lawrence County. Custody of the five children of the parties was given to appellant. The ages of the children now range from 17 years to 7 years of age.

Subsequent to the divorce, both appellant and appellee remarried. The proceeding giving rise to this appeal involved a petition for modification of the decree of divorce insofar as custody and support

of the children was concerned. The petition was filed by appellee, Leo Randolph, and a cross-petition was filed by appellant, Elnora Randolph Oliver.

The matter was heard at length, extending over three days, ore tenus by the court, and decree entered on January 16, 1969. By its decree, the court changed custody of four of the younger children from appellant Elnora Randolph Oliver, to appellee, Leo Randolph for eleven months, and granted custody to appellant for the month of July, with visitation rights to each. The custody of the older daughter, Daphene, remained in appellant. Support for Daphene was set at $25 per month.

As stated before, there was extended testimony presented by both parties to this action. All of the children with the exception of the oldest and youngest, expressed a desire to live with appellee. The older girl had lived with her grandparents practically all of her life. The eldest son had been in the custody of his father, by agreement, almost from the time of the original decree.

◾ Appellant contended that appellee was in contempt of court for failure to pay support, attorney fees and costs as ordered in the divorce decree. Payments of support had been made either by check or cash direct to appellant. There was testimony to the effect that when the older son had come to live with the father that appellant had agreed to reduce the support payments to $25 per week. There was other evidence to indicate the appellee had paid other sums for clothes and had given money direct to the children. Obviously, it was for the court to determine if its decree had been violated to sufficient extent to amount to contempt. Apparently it determined there was not contempt, since the decree is. silent in this respect.

The assignments of error are general to the effect that the decree of the trial court is contrary to the law and facts. Under these assignments, we have carefully reviewed the long transcript of the evidence.

There is considerable conflict in the testimony as to the conditions now existing in the homes of the respective parties. It is clear that neither home is an ideal one for the rearing of children. The appellant is now married to James Oliver who, by appellant's own admission, was her paramour for almost a year prior to her divorce. He was also married at the time and has children by a prior marriage. He drinks and uses profanity in front of the children, and according to testimony of the 15 year old boy, Gary, gave him wine which caused him to become involved in an accident on his motorcycle.

Appellee has also remarried. His wife is a divorcee with a child of her own. Appellee also used profanity, but allegedly does not now drink intoxicants.

◾ There have been obvious material changes of conditions since the granting of the original decree, and these changes are sufficient for the trial court to determine a change in custody to be to the best interest of the children. Sparks v. Sparks, 249 Ala. 352, 31 So.2d 313; White v. White, 247 Ala. 405, 24 So.2d 763; Satterfield v. Satterfield, 250 Ala. 245, 34 So.2d 4.

◾ Although there is conflict in the evidence, the court below granted the original divorce. The judge heard the testimony and observed the witnesses for three days, and considered the matter for more than a month before entering the decree from which this appeal is taken. We know the difficulty of decisions affecting the lives of so many people, especially the life and welfare of five little children. We are certain the court reached a decision based upon its consideration of the best interest of the children. We cannot say that the decree is plainly and palpably wrong, and it must be given the weight of a jury verdict. Blankenship v. Blank-

enship, 266 Ala. 182, 94 So.2d 743; Hale v. Hale, 259 Ala. 666, 68 So.2d 63.

The matter of custody of minor children is never closed and the court below will continue to be the forum where relief is available. If circumstances should require further modification, petition may be filed. The decree is

Affirmed.