299 So.2d 754

**Patricia Dian Parker MILLER**

v.

**Garry Lee PARKER.**

**Civ. 372.**

Court of Civil Appeals of Alabama.

Aug. 28, 1974.

Charles D. Rosser, Tuscumbia, for appellant.

Fine, McDowell & Mansell, Russellville, for appellee.

**WRIGHT, Presiding Judge.**

This is an appeal from a decree modifying an original decree of divorce as to custody of a minor child.

The parents of the child were divorced by decree of November 23, 1971. Custody of the child was given to the mother with permission to the father to have the child one week out of each three months. At the time of hearing this case, the male child was twenty-eight months old.

The evidence heard orally by the court tended to show that in February of 1973, the mother, having remarried, moved with her new husband and the child to Garland, Texas. On May 18, 1973, the father and his parents drove from Franklin County, Alabama to Garland to get the child for a week's custody as provided by the original decree. During the return trip to Alabama the grandparents saw bruises upon the back of the child which appeared to them to have been made by a belt. The bruises were marked and discolored, appearing to be several days old. Upon arriving in Alabama on May 19, the child was examined by a physician. It was the opinion of the physician after examination that the marks resulted from a beating by a belt or strap. He reported the case to authorities as one of a battered child.

The grandparents consulted an attorney who examined the marks and advised consulting a physician.

Upon securing the medical opinion, petition was filed seeking modification of custody.

Appellant appeared at the hearing with a witness who stated that she observed the child fall on May 15. Appellant stated she first noticed the marks on the child's back while bathing the child the night following the fall. It was stated that the child fell while playing in the yard and appeared to fall upon a piece of wooden trellis lying in the yard. The trellis consisted of crisscrossed slats of wood. It was contended that marks resulting from a fall upon such an object would account for the criss-cross or overlapping appearance of the marks upon the back of the child.

There was other testimony by witnesses who observed the marks and conflicting testimony as to statements of the child as to their origin. We do not consider statements by a child of less than two and one-half years, made at a time substantially removed from the time of injury, to be reliable and would be hearsay in any event when related by a third person. It is presumed that the trial court considered only legal evidence in rendering its decree. Title 7, Sec. 372(1) Code of Ala., Murphree v. Henson, 289 Ala. 340, 267 So.2d 414.

Further testimony disclosed that the stepfather of the child is a convicted felon.

Upon completion of the evidence, the court entered a decree granting custody of the child to the father with reasonable visitation rights given to the mother.

■ The basis of this appeal is that the evidence is insufficient to support the decree. Such assignment immediately is met by the often stated and well-founded presumption of correctness of a decree of a trial court rendered after oral hearing of the testimony. Such presumption is conclusive on appeal unless from the examination of the evidence by the reviewing court it is determined that the decree is unsupported by any legal evidence or that after considering all the evidence it is determined that the decree is clearly unjust or palpably wrong. Harrell v. Long, 49 Ala.App. 322, 272 So.2d 248. Randolph v. Randolph, 45 Ala.App. 326, 229 So.2d 923.

This court has carefully read and considered the evidence produced before the trial court, as it does in every case. We are always deeply impressed with the heavy duty and responsibility of the trial court in deciding custody of children. It is a responsibility which weighs heavily upon the heart and conscience of every chancellor in equity and equally upon the members of this court.

■ There is a strong inference to be drawn from the evidence presented that someone physically abused Garry Lee Parker, Jr. Such inference remains after rebuttal testimony is considered. The inference is not directed to any acts of the mother, as it appears she deeply loves the child and has properly cared for it. It well may be that such inference is wrong in truth, but the inference is so strong that the trial court, guided as it is by the polestar of the best interest and welfare of the child, could not ignore it. Neither may this court, upon review, find the trial court in error by acting upon it.

The decree of the trial court is therefore affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.