**326 So.2d 296**

**Joseph Franklin PEACOCK**

**v.**

**Rose PEACOCK.**

**Civ. 530.**

Court of Civil Appeals of Alabama.

Dec. 31, 1975.

Rehearing Denied Jan. 21, 1976.

Hugh A. Locke, Jr., Birmingham, for appellant.

No brief for appellee.

HOLMES, Judge.

This is a divorce case.

The Circuit Court of Jefferson County awarded custody of the parties' four year old female child to the mother. The father appeals from this award.

The only issue presented to this court is whether the trial court erred in awarding custody of the child to the mother. We find it did not and affirm.

The parties were first married in 1971. They were divorced in 1973. This divorce was obtained on answer and waiver. The parties settled their differences regarding custody, support, and division of property by agreement. This agreement was incorporated into the decree. The mother was awarded custody.

In March of 1974, the parties remarried. They separated in June of 1974. In August of 1974, the mother filed for divorce. The father crossclaimed and requested that custody be awarded to him. In December of 1974, the learned trial judge divorced the parties, made a division of certain properties, and awarded custody of the child to the mother with the father being granted visitation rights. From this decree this appeal was perfected.

■ As is so often stated by this court, in cases involving child custody the paramount issue is the best interest of the child. *Linderman v. Linderman,* 49 Ala. App. 662, 275 So.2d 342.

■ In this instance, the evidence as revealed by the record is contradictory, harsh, and sometimes bitter. No useful purpose would be served by setting out in detail the testimony. Suffice it to say that the mother and witnesses called on her behalf testified that the mother cared for the child in a proper manner; that the child was not abused; and that the house where the child stayed with the mother was clean. On the other hand, the mother and some of her witnesses did not "speak well" of the father's attributes as a proper person to have the care, custody, and control of the minor child.

The tenor of the testimony of the father and his witnesses was to the effect that the mother was not a fit and proper person to have the care, custody, and control of the child. The most damaging testimony as to the mother's fitness was that of a physician. The doctor's testimony was to the effect that the child had to be hospitalized because it was neglected in some manner.

It is clear from the above that it was encumbent upon the trial judge to resolve the conflicting testimony and to make a determination as to the best interest of the child. This he did.

■ It is equally as clear that this court is required to view the trial court's decree with the presumption of correctness attendant in this type of case. *Blankenship v. Blankenship,* 266 Ala. 182, 94 So.2d 743. So viewing, this court cannot say the trial judge erred in his determination that the best interest of the child would be for the mother to have custody. For this court to reverse, in this instance, would be to substitute our own judgment for that of the trial judge. This the law will not allow. *Sutton v. Sutton,* 55 Ala.App. 254, 314 So. 2d 707.

All properly presented and argued assignments of error having been considered, this case is due to be and is affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.