This appeal is from a decision rendered in the Circuit Court of Houston County wherein the court modified its original judgment awarding custody of the parties' two minor children to appellant (Irene Taylor). Following the presentation of evidence by both parties, the court removed the children from the custody of appellant and placed them in the care and custody of appellee (Wister Taylor). From the court's judgment Irene Taylor has appealed.
Three issues are submitted on appeal for our consideration: (1) appellant claims that after the presentation of her former husband's case-in-chief there was not a scintilla of evidence to support modification of the original judgment and that as a consequence the trial court erred in denying her motion for a directed verdict; (2) she contends that the judgment of the court is contrary to the overwhelming preponderance of evidence and should therefore be reversed; and (3) appellant urges that the trial judge improperly refused to recuse himself.
We believe that there is no merit to either of the first two contentions offered by the appellant in her effort to obtain reversal of the trial court's decision. Not only was there a scintilla of evidence presented to the court in support of modification, there was also a sufficient amount of evidence adduced at trial to justify the court's removal of the children from the custody of the appellant-wife and place them in the care of the appellee-husband. Consequently, we cannot accept appellant's claim that she should have received a directed verdict at the close of the appellee's case-in-chief or that the judgment of the trial court was contrary to the overwhelming preponderance of evidence presented by the parties.
Moreover, in view of the fact that a change in circumstances and the welfare of the child are of fundamental importance in suits seeking the modification of a custody award, we are persuaded that a brief recitation of the facts relevant to such inquiries will demonstrate that there was sufficient evidence to support the action taken by the trial court in this matter.
After the parties' divorce, appellant and her two sons resided together. A third child, a daughter, lived with appellee. Subsequently, the daughter married and she and her new husband moved into their own home. Appellant also remarried and the boys, who were fourteen and ten years of age at the time of the trial, did not get along with their stepfather. Indeed, there was testimony from both sons that the stepfather would join them while they were "roughhousing" and that he would pull down their pants and pinch their genitals. Furthermore, there was evidence that appellant struck her older son with a board and with her fist.
In addition, the record reflects that the sons did poorly in school while they were living with appellant. Moreover, the sons *Page 397 
moved with appellant to a rural community in Barbour County when she remarried; they blamed their low grades on this move, stating that they had done better in school when they had resided at their former home in Dothan, Alabama. Both boys also testified that they did not like living in Barbour County but preferred to live in Dothan with their father (appellee) who had remarried after his divorce from appellant.
Appellee stated that if he were granted custody he had the financial resources to support the boys as well as his new wife's three children by a prior marriage. He testified that it was the desire of his new wife to have the boys live with them. Similarly, both sons indicated that they liked their stepmother and her children.
On the other hand, there was testimony presented on behalf of appellant to the effect that her ex-husband did not supervise the boys when they visited him in Dothan. Appellant testified that when her sons returned from their visits with their father, they refused to obey her and that the older boy would act in such a manner as to be virtually unmanageable. In addition, the eldest son apparently obtained marijuana from friends in Dothan and smoked it there and at his home in Barbour County. Appellant also indicated her disapproval of appellee's new wife and presented the testimony of a police officer who stated that appellee's new wife had attempted suicide prior to her marriage to appellee. Finally, appellant intimated that there was a physical relationship between her fourteen year old son and the fifteen year old daughter of her former husband's new wife.
In a proceeding to modify a prior decree awarding custody of a child, the trial court must apply a two-pronged test: (1) whether it is in the best interests and welfare of the child to change custody; and (2) whether the party seeking modification has alleged and shown a change in conditions which will justify modification.[1] Quintanilla v. George, Ala.Civ.App.,340 So.2d 804, cert. den. 340 So.2d 808 (1976). Of course, there is a strong presumption in favor of the ultimate decision reached by the trial court after the application of this two-pronged test.Junkin v. Junkin, Ala.Civ.App., 332 So.2d 392 (1976). Accordingly, in instances where the trial court modifies a child custody decree after it has heard oral testimony, its judgment will not be reversed on appeal unless the judgment is plainly and palpably wrong. Wood v. Wood, Ala.Civ.App.,333 So.2d 826 (1976).
Much of the evidence presented in the instant case was in sharp conflict. Consequently, the ore tenus rule must be applied to the court's finding. The trial court found that there was sufficient evidence that a change in circumstances had occurred and that the best interests of the children would be served by removing them from appellant's custody and placing them in the custody of appellee. Thus we are not prepared to hold that the court plainly and palpably erred in modifying its original child custody decree.
The final issue for our determination concerns appellant's contention that the trial judge improperly refused to recuse himself in violation of Canon 3 C (1), A.C.J.E., Code of Alabama 1975. Appellant apparently bases this argument on her claim that *Page 398 
the judge who heard the present case was also the presiding judge in two other actions dealing with the same subject matter and involving the same parties.[2] Moreover, appellant insists that the judge's statement made during the second hearing on the modification of custody matter demonstrates his prejudice. We cannot agree.
Canon 3 C (1) provides in pertinent part:
 "A judge should disqualify himself in a proceeding in which . . . his impartiality might reasonably be questioned. . . ."
However, we noted in Wallace v. Wallace, Ala.Civ.App.,352 So.2d 1376 (1977), that while Canon 3 C (1) of the Alabama Canons of Judicial Ethics had the force of law, both judges and the bar should be aware that recusal was not required upon mere accusation of bias unsupported by substantial fact.
In this case counsel for appellant contends that the judge's bias was indicated by a remark made by the judge to the parties in another case. The judge stated in that case that he had an opinion concerning the matter before him. However, we would point out that the judge's statement in that case was made in reference to the fact that he had held one hearing on the matter, had issued an order requiring the wife to desist in certain activities and was engaged in a second hearing to determine if she had complied with his order.
Moreover, we rejected an argument similar to the one made by appellant here in McGough v. McGough, 47 Ala. App. 223,252 So.2d 646 (1970). In McGough v. McGough the moving party requested that the judge recuse himself because of possible bias arising out of a remark made to the judge by the movant in another case. On that factual basis we held that the party seeking recusal had failed to adequately demonstrate bias and prejudice on the part of the judge and that the judge had acted improperly in removing himself from the case. In view of our holding in McGough v. McGough and the relevant facts of the instant case, we must conclude that there was insufficient evidence of bias on the part of the judge to warrant his recusal.
We have examined the record carefully and found no error. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
[1] Although not an exhaustive list, a court may consider the following factors in a modification of custody dispute: (1) sexual abuse of the child, see In re Armentrout, 207 Kan. 366,485 P.2d 183, 58 A.L.R.3d 1065 (1971); (2) physical abuse of the child, Miller v. Parker, 53 Ala. App. 312, 299 So.2d 754
(1974); and (3) promiscuous conduct of a parent which detracts from a stable, worthwhile home environment for the child,Junkin v. Junkin, Ala.Civ.App., 332 So.2d 392 (1976). Other noteworthy factors which are relevant in determining custody, although not controlling, are: (1) financial ability to care for the child, Fort v. Fort, 246 Ala. 83, 18 So.2d 870 (1944); (2) superior residence and job of parent seeking custody,Satterfield v. Satterfield, 250 Ala. 245, 34 So.2d 4 (1948); (3) preference of the child, Hattrick v. Hattrick, 52 Ala. 539,295 So.2d 260 (1974); (4) advancing age of the child, Orezza v.Ramirez, 19 Ariz. App. 405, 507 P.2d 1017 (1973); (5) beneficial remarriage of noncustodial parent, 27B C.J.S. Divorce § 317 (2); and (6) the child's difficulties in school, Penn v. Abell, Tex.Civ.App., 173 S.W.2d 483 (1943).
[2] Taylor v. Taylor, Ala.Civ.App., 349 So.2d 588 (1977).