Father appeals from an order of the Circuit Court of Dale County denying his petition for modification of a child custody decree. We affirm.
The parties to this cause were divorced in July 1978 on the ground of incompatibility upon the complaint of the father. The decree, by agreement of the parties, awarded custody of the two minor children, ages six and three, to the mother and allowed the father visitation privileges. The husband was to pay monthly child support of $200 and neither parent was to remove the children from Alabama without the written consent of the other.
The mother remarried in March 1979. In December 1979 the mother informed the father by telephone that she, her second husband and the children were moving to Texas. They left Alabama on December 28, 1979. (Subsequently, the second husband left the mother and children and she has filed for divorce in the state of Texas.)
On January 16, 1980, the father filed a petition, in the court which rendered the divorce decree, calling on the mother to show cause why she should not be cited for contempt and seeking custody of the children by modification of the original decree. The trial court granted, ex parte, a temporary custody and restraining order on February 2, 1980, directing the mother to return the children to the court's jurisdiction or deliver them to the father.
Before the mother received notice of this order, the father appeared in Texas and took the children without informing her. The mother subsequently filed an answer to the petition of the husband and her own petition for writ of habeas corpus.
The trial court set all the matters for hearing on April 8, 1980, and after an ore tenus hearing found that custody should continue in the mother, that the mother and children were no longer compelled to live in Alabama, and that all other aspects of the prior decree were to remain in effect. The father filed notice of appeal to this court.
At the outset, we note that in child custody proceedings it is well established that the judgment of the trial court, after testimony is taken ore tenus, is presumed correct and will not be disturbed unless plainly and palpably wrong and contrary to the great weight of the evidence. Blankenship v. Blankenship,266 Ala. 182, 94 So.2d 743 (1957); Gould v. Gould, 55 Ala. App. 379, 316 So.2d 210 (1975). The father, as the party seeking to modify the child custody decree, had the burden of proving a material change in circumstances since the last custody decree which has so affected the welfare and best interests of the children as to require a change in custody. Frazier v. Frazier,342 So.2d 1320 (Ala.Civ.App. 1977).
The father set out four allegations as grounds to support his petition for modification and order to show cause. It is not necessary for us to discuss the first three of these on this appeal. The testimony as to these three allegations was of the familiar charge-countercharge variety so often found in cases of this nature. The evidence produced by the father in support of these was at best conflicting and inconclusive and, at worst, nonexistent. Suffice it to say that the finding of the trial court was not contrary to the great weight of the evidence as to these allegations and will not be overturned. *Page 297 
The fourth allegation was supportive of the order to show cause and merits a brief discussion. It alleges that the mother violated the original decree by removing the children from the state without the written consent of the father. The final judgment of the court below not only refused to hold the mother in contempt for this action but, in fact, modified the original decree to allow her to reside in Texas with the children. After reviewing the record thoroughly, it is apparent to us that the court felt that, in light of the improved conditions existing for the children upon the move to Texas, any failure to obtain written consent was an insufficient act upon which to base a contempt action. It is also undisputed that the mother did notify the father of the move by telephone. It was for the court to determine if its decree had been violated to a sufficient extent to amount to contempt. Randolph v. Randolph,45 Ala. App. 326, 229 So.2d 923 (1970).
It is apparent from the record and the decree itself that the court had the welfare of the children uppermost in mind in rendering its decision. The mother has found a stable, well-paying job in Texas. The children are near a school and have made new friends and acquaintances close by. The grandmother looks after them while the mother is at work or unavailable. Other members of the family are also close at hand. In addition, the mother has agreed to continue allowing the children to visit with their father during the summer and holidays, and has agreed to provide transportation for that purpose. The court's decree allowing the move to Texas was not an improper exercise of discretion regarding the welfare of the child. Hayes v. Hayes, 192 Ala. 280, 68 So. 351 (1915).
The trial court will continue to have the responsibility of supervising this case as necessary, and this court, in view of the record, finds no error in its judgment.
Appellee-mother in brief requests this court to grant her attorney a fee for his services on appeal. We hereby grant to appellee the sum of $500 for her attorney's fee.
The decree of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.