Trial court found former husband in criminal contempt for violating the visitation provisions of the divorce decree and in civil contempt for failure to pay child support. Former husband seeks review through petition for writ of certiorari.
After ore tenus hearings on the former wife's petition for rule nisi and the former husband's post-trial motions, the trial court entered judgment as follows:
 [T]he court is of the opinion that the defendant in this cause is in criminal contempt of the orders of this court in that he did remove [the child] . . . from the custody of the plaintiff contrary to the directions and orders of the Court. The Court is further of the opinion that the defendant is in civil contempt of this Court in that he has failed to pay child support as ordered and that the arrearage at the time of the hearing in this cause was $1,075.00 plus a court cost of $36.00. It is the further order of this Court that reasonable attorney's fees as to the civil contempt should be and is (sic) hereby assessed at $1,000.
The court then committed defendant to jail for five days for criminal contempt and "until such time as he purges himself" for civil contempt.
The first two issues raised by petitioner concern his interpretation of the court's order as to civil contempt. As we understand his arguments, Wilson first contends that the order was at least partially based on his failure to pay attorney's fees, that the order allows him to purge himself only upon such fees being paid and that, because such fees constitute a debt rather than child support, his incarceration for failure to pay is an unconstitutional "imprisonment for debt."
We find no merit in that argument. The order clearly states that Wilson was in contempt for failure to pay child support. It sets arrearage at $1,075. The court then awarded a reasonable attorney's fee of *Page 1006 
$1,000 for the former wife's representation in the civil contempt proceeding. This it could properly do. Tidwell v.Tidwell, 379 So.2d 614 (Ala.Civ.App. 1980); § 30-2-54, Code of Alabama (1975).
The order neither found Wilson in contempt for failure to pay attorney's fees nor made the payment of such fees a purgative condition. Thus, our determination of whether such attorney's fees incident to a proceeding for support constitute a debt or child support is not required.[1] We determine that the civil contempt was based on the failure to pay child support. The amount of arrearage, $1,075, is supported by the evidence.Clutts v. Clutts, 54 Ala. App. 43, 304 So.2d 599 (1974).
Wilson's second contention is that the order is unenforceable because it lacks clarity, i.e., he asks whether the order requires payment of attorney's fees as a purgative condition or payment of child support arrearages only. By this argument Wilson merely restates his first contention in a different way. The order found child support arrearages, found Wilson in civil contempt for failure to pay and allowed him to purge himself of his contempt. The order is clear and enforceable. Wilson's argument is untenable.
Petitioner next argues that his inability to pay should have precluded a finding of civil contempt. Without detailing the evidence regarding the former husband's financial condition, it is sufficient that we find this evidence supportive of his present ability to pay. Williamson v. Williamson, 391 So.2d 115
(Ala.Civ.App. 1980); Randolph v. Randolph, 45 Ala. App. 326,229 So.2d 923 (1970). There was no error in this regard.
The next issue is whether the trial court erred in finding Wilson in criminal contempt for violating the visitation provisions of the decree. The evidence relative to such violations reveals the following:
On June 1, 1980, Wilson picked up the parties' minor child at the mother's home for a two-week visitation. On June 15, the day this visitation was to end, the mother received a telephone call, spoke with Wilson and requested that he return the child. He refused. The child was not returned, the mother sought relief from the court through petition and sheriff's deputies eventually located and returned the child to her. A few days later, another visitation period was to begin at six o'clock in the evening. Wilson, while the mother was at work, came by her home around three o'clock in the afternoon and picked the child up from the yard without informing anyone of his actions. The mother came home, found the child missing and the baby-sitter unaware of his location. She received no communication from Wilson as to the child's whereabouts for several days. The child was not returned at the scheduled end of this visitation. The mother again petitioned for the aid of the court.
Presented this evidence as to his continuous disobedience of its orders regarding visitation, the court found Wilson in criminal contempt and sentenced him to five days in jail.
There is authority for the use of a criminal contempt citation in domestic relations cases as a means of punishing one disobedient to the orders of the court. Muery v. Muery,46 Ala. App. 617, 247 So.2d 123 (1971); See, Tetter v. State,358 So.2d 1046 (Ala. 1978). In distinguishing between civil and criminal contempt, this court in Muery, supra, quoting from Exparte Hill, 229 Ala. 501, 158 So. 531 (1935), stated the following:
 A criminal contempt is one in which the purpose of the proceeding is to impose punishment for disobedience to the orders of the court. A civil contempt invokes the power of the court to commit one who is continuing to violate his orders until he complies with them." *Page 1007 
Criminal contempt is "imposed to punish for an act of past disobedience, to preserve the power and vindicate the dignity of the court and to punish any act which is in disrespect of the court. . . ." Tetter, supra, (quoting from Carroll v.State, 350 So.2d 723 (Ala.App. 1977)). The evidence regarding Wilson's actions leading to the finding of criminal contempt is substantially uncontroverted. It indicates at least three incidents, over a few weeks' time, in disobedience to court-ordered visitation provisions. In 24 Am.Jur.2d, Divorceand Separation § 811, the following comment appears:
 There is a serious question as to whether a civil
contempt proceeding is an effective remedy for the violation of visitation rights. The effect of the statutes generally is that imprisonment for a civil contempt is coercive in purpose and that the cotemnor can only be imprisoned until he performs an act, whereas visitation rights contemplate a long series of acts. . . . But a proceeding in criminal contempt with imprisonment for a definite period of time, may be of more practical value.
The history repeated complaints of disobedience and violation of the trial court's orders by Wilson is well known to this court and is exemplified by the fact that this is the seventh time this case has been brought to this court. In view of that history and the evidence before the court below, we find the finding of criminal contempt not inappropriate. There is no legal prohibition against the finding of both criminal and civil contempt in an appropriate factual setting.
Finding no error in the judgment of the trial court, we affirm.
The wife's request for damages for frivolous appeal pursuant to Rule 38, ARAP is denied. Attorney's fees, requested by the wife for her representation on this appeal, are awarded in the amount of $500.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] There is authority that payment of attorney's fees awarded pursuant to a support order may be enforced by contempt proceedings, in the face of "imprisonment for debt" arguments. See, Potter v. Wilson, 6 Family Law Reporter 2456 (Okla. 1980);Ducksworth v. Boyer, 125 So.2d 844 (Fla. 1960); Carper v.Carper, 94 Miss. 598, 48 So. 186 (1909).