This is a child custody modification case
The parties were divorced in California in 1977. Custody of the parties' eight year old minor child was awarded to the mother
After the divorce, the father moved to Albertville, Alabama, where he lives with his seventy year old mother
The mother remarried and, at the time of trial, lived with her new husband in Columbus, Mississippi
This is the third time the father has requested a modification of custody. After the father's second petition for modification in January, 1980, the Circuit Court of Marshall County ordered that the principal care, custody, and control of the child should remain in the mother. The court also ordered that the father was to have visitation during Christmas, on alternate weekends, and for one month during the summer
The father again petitioned for modification of custody in December, 1980. After a hearing at which both parties presented witnesses, the trial court issued a new order which is the subject of this appeal
The trial court reaffirmed its prior order allowing custody of the child to remain in the mother. The order made new provisions for visitation should the mother happen to move a great distance away from Albertville
The father appeals contending the trial court abused its discretion in failing to award him custody of the child
We find no abuse of discretion and affirm
Viewed with the attendant presumptions, the record reveals that the parties' eight year old daughter lives with her mother and stepfather. The child frequently visits her father and, at trial, expressed a preference to live with him permanently. The mother testified that her new husband, an Air Force sergeant, had been transferred to Alaska. The mother intended to move to Alaska with the child
After the ore tenus hearing, the trial court ordered that the support, care, custody and control of the child should remain in the mother. The father was given the right to have the child visit with him for ten weeks during the summer after the mother moved to Alaska
We note at the outset that custody and visitation rights are matters addressed to the discretion of the trial courtDasinger v. Dasinger, 369 So.2d 813 (Ala.Civ.App. 1979). The trial court's decision after an ore tenus hearing will not be disturbed unless plainly and palpably wrong and contrary to the great weight of the evidence. Hallford v. Hallford,390 So.2d 295 (Ala.Civ.App. 1980). The prevailing consideration for the court in child custody cases is the welfare and best interest of the child. Lowery v. Lowery, 391 So.2d 120 (Ala.Civ.App 1980)
The parties' eight year old daughter testified that she wanted to live with her father. The father argues the weight of the child's testimony should have tipped the scales in favor of giving custody to the father
We find the trial court did not abuse its discretion by ordering that custody remain in the mother notwithstanding the child's preference to live with the father. The trial court is not bound by the child's expressed preference. Gandy v. Gandy, *Page 955 
370 So.2d 1016 (Ala.Civ.App.), cert. denied, 370 So.2d 1019 (Ala 1979). While the wishes of a child of sufficient judgment may be considered in awarding custody, they are not a controlling factor. Snellings v. Snellings, 272 Ala. 254, 130 So.2d 363
(1961)
We note that the father apparently argues the trial court erroneously applied the tender years doctrine contra to the recent decision of Devine v. Devine, 398 So.2d 686 (Ala. 1981) In view of the above, we find no basis for such a contention
Put another way, the evidence reveals the child is well adjusted, excels in school, and enjoys a good homelife with her mother. The mother cares for her daughter and wants to retain custody of the child. The child has lived with the mother for the past eighteen months. With these facts in mind, this court certainly cannot say the trial court erred to reversal in refusing to change the primary custody to the father
The mother has requested a fee for representation on appeal A fee of $500 is hereby awarded
This case is due to be affirmed
AFFIRMED
WRIGHT, P.J., and BRADLEY, J., concur