HOLMES, Judge.
This is a child custody modification case.
The Circuit Court of Marshall County denied the mother’s petition to modify a prior custody decree and the mother appeals. We affirm the order of the trial court.
The mother and father were divorced in 1978. Pursuant to the terms of a separation agreement incorporated into the divorce decree, the mother was awarded custody of the parties’ son and daughter, now ages nine and six.
In 1979, the parties filed a joint motion for modification, requesting that the father be awarded temporary custody. The trial court granted the parties’ joint motion. The children alternated living with the father in Alabama and the mother in Kentucky during 1979 and 1980.
In September, 1980, the mother petitioned the trial court to again make the mother the custodial parent. After a hearing in October 1980, the trial court denied the mother’s petition and ordered that temporary custody remain in the father. The trial court, in its 1980 order, provided for a review of the custody issue in the fall of 1981.
In October, 1981, the trial court held another ore tenus hearing to determine who should have custody of the parties’ minor children. The record from the 1981 hearing reveals the following pertinent facts:
Both the mother and father have been remarried for more than a year. The mother and her new husband have had at least five addresses in three different states since the 1980 hearing. The mother currently resides in Michigan in a three bedroom home.
The father and his current wife have a new baby. The father’s wife also has a child by a prior marriage. The father owns a four bedroom home.
The two minor children involved in the instant action visited the mother in Michigan during 1981. The son, playing with neighborhood children without adequate supervision, joined his friends in vandalizing a school. While the children were visiting in Michigan, the mother and her husband moved to three different residences.
The father has been on probation for almost two years after being convicted of transporting liquor. The record reflects, however, that the father and his new wife are active in community affairs and participate in many volunteer projects at the elementary school attended by the minor children.
The principal of the school testified that the minor children are well-adjusted and present no disciplinary problems. The principal commended the father’s participation in school activities.
The father’s new wife readily admitted that she has spanked the two minor children. The new wife, however, refuted the mother’s contentions that the children had been beaten. The evidence reveals that the father’s current wife serves as homeroom *1079 mother and helps the minor children with their homework.
The minor son and daughter both testified that they wanted to live with the mother. The minor son also indicated that he wanted to live with his father and that he loved both of his parents.
With this evidence before it, the trial court determined that the father had exercised reasonable care, custody and control of the two minor children since the 1980 hearing. The trial court ordered that custody remain in the father, and specified the visitation rights of the mother.
The mother’s motion for a new trial was denied and this appeal followed.
The mother’s contentions on appeal are that the trial court improperly weighed the evidence in considering the best interests of the children and that it was an abuse of discretion to award custody to the father. We disagree.
We note at the outset that the question of modification of a child custody decree is vested in the sound discretion of the trial court. Jenkins v. Jenkins, 395 So.2d 1045 (Ala.Civ.App.1981). The party seeking modification has the burden of proving a material change in circumstances since the last custody decree which has so affected the best interests and welfare of the children as to require a change in custody. Hallford v. Hallford, 390 So.2d 295 (Ala.Civ.App.1980). The trial court’s judgment after hearing the evidence ore tenus will not be set aside unless it is so contrary and unsupported by the evidence as to appear clearly adverse to the best interests and welfare of the children. Reaves v. Reaves, 399 So.2d 311 (Ala.Civ.App.1981).
We cannot say on the facts of the instant action that the trial court abused its wide discretion. As noted by the trial court, neither the mother nor father are ideal parents. The trial court concluded that the mother’s transience would be more detrimental to the children than any of the father’s parental imperfections. Although the father has a felony conviction and his wife is a disciplinarian, they have provided the two minor children with a stable homel-ife. The evidence supports the trial court’s conclusion that it would be in the best interests of the children to remain with the father.
The expressed preferences of the nine year old son and six year old daughter to live with the mother were not binding upon the trial court. Ashley v. Ashley, 383 So.2d 861 (Ala.Civ.App.1981). While the wishes of a child of sufficient judgment may be considered in awarding custody, they are not a controlling factor. Garrison v. Kesek, 406 So.2d 953 (Ala.Civ.App.1981).
We find no abuse of discretion in the trial court’s determination that the father should continue to have custody. The order of the trial court is affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.