This is a contempt proceeding for arrearages in child support.
On June 6, 1980 Earlda Jackson and Marshal Jackson were divorced. Mrs. Jackson was awarded $200.00 per month per child as child support commencing June 10, 1980. In addition Mr. Jackson was ordered to pay $7,000 to Mrs. Jackson for financial rehabilitation continuously over the next four years. If Mrs. Jackson obtained a job with an annual salary of $18,000 or more, the financial rehabilitation payments would cease. The parties have two children, and legal custody was granted to Mrs. Jackson from the date of the original agreement.
On February 3, 1981 Mr. Jackson obtained temporary custody pendente lite. The petition for temporary custody and the court's order granting Mr. Jackson custody made no mention of whether child support payments also were to be suspended pendente *Page 243 
lite. There were, however, court modifications of child support to $150 per month per child in September 1981; an increase to $175 per month per child in February 1982; and another increase to $200 per month per child in September 1982.
In January 1983 Mrs. Jackson sought a contempt citation against her former husband, alleging that he was in arrears in payments of child support, lump-sum alimony, medical bills for the children, and certain school expenses that he was obligated to pay.
After an ore tenus hearing, the trial court found that Mr. Jackson was not in contempt of court and that he was not in arrears in his payments to his former wife. Mrs. Jackson has appealed that judgment.
In her first argument Mrs. Jackson says that the trial court erred in finding that Mr. Jackson was not in arrears in his payments to her, especially child support and school and medical expenses for the children, which amounted, so she says, to about $7,400.
We have held that a father may be "given credit for those periods in which he [or some third person] supports the child."Nabors v. Nabors, 354 So.2d 277 (Ala.Civ.App. 1978). Also, where a trial court hears the evidence ore tenus, its findings will be presumed correct unless it clearly appears that the court's judgment is unsupported by the evidence or it is plainly and palpably wrong. Randolph v. Randolph, 45 Ala. App. 326, 229 So.2d 923 (Ala.Civ.App. 1970).
There is evidence in the record that the father had custody of one or both of the children during two periods of the time in question which extended for several months during each period. The total period of time when the children were living with and being cared for by the father is in sharp dispute. The father's version, however, is that he had the children in his custody for over a year and a half.
The evidence shows that the father was given temporary legal custody of the children by the trial court on February 3, 1981 and the temporary custody expired on December 9, 1981. From June 1980 until January 1981, the parties shared the physical custody of the children. From August 1982 until the date of the trial, i.e. March 30, 1983, each parent had the custody of one child. The evidence as to the amount of money given to the mother for the support of the children and herself and at what times is also in sharp dispute.
The husband testified that the total amount of support he was due to pay the wife, taking into consideration the various modifications of support made by the court, was about $8,500. He stated that he had paid the amounts due including the school expenses. The husband testified that the total amount of the payments made to the wife was $9,357.43. This amount, according to the husband's testimony, included payments to the wife for house payments, utility bills, car payments, car insurance, doctor bills, clothes for and expenses of the children. The husband testified that he actually paid to the wife more than he was required to pay by the court's decrees. Cancelled checks in support of the husband's testimony were introduced into evidence.
Husband argues here that he had custody of both children for about half the time in controversy, and that the money that was given to the wife was for necessaries for the support of the children and the wife, and that he should be given credit for these expenditures. The trial court obviously believed the husband's evidence because it gave the husband credit for the money given to the wife.
We find that the trial court's decision to give the husband credit for the moneys paid to the wife for her support and the children's support is fully supported by the evidence and is not an abuse of the trial court's discretion.
Wife's final contention is that the trial court erred in not holding husband in contempt.
We have held that it is for the trial court to determine whether its decree has been *Page 244 
violated to such an extent that the violator is in contempt.Hallford v. Hallford, 390 So.2d 295 (Ala.Civ.App. 1980).
Husband shows that he was unemployed for about seven months of the time in question and could not make any payments during that time. Additionally, the husband introduced proof that he had given the wife more money in the way of support than she claimed that he owed her.
Based on this evidence we cannot say that the trial court abused its discretion in refusing to hold husband in contempt.
For the foregoing reasons we affirm the judgment of the trial court.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.