INGRAM, Judge.
The parties were divorced in January 1979. This decree was subsequently amended in October 1982, after a modification hearing. At this time, the parties were granted joint physical custody of the child, who is now sixteen years old, and the father was ordered to pay $20 a week to the mother in child support.
Subsequently, in April 1988, the mother filed a petition asking the trial court to increase the weekly child support payments and to find the father in contempt for failure to pay child support as directed in the amended decree. Although the trial court initially found in favor of the mother, it granted a new trial on the father’s motion. At this point, the father filed a counter-petition alleging that he had maintained primary physical custody of the child and had substantially provided for the child’s support since the amended decree. He also filed a memorandum wherein he asked the trial court to credit him for expenditures made on the child’s behalf. After determining that the father was not entitled to credit, the trial court found the father in contempt and in arrears in the amount of $4,019.08. In addition, the trial court increased the father’s child support payments from $20 to $30 a week. The father appeals, contending that the trial court erred (1) by refusing to grant him credit to offset child support arrearages and (2) by increasing his child support payments.
The father is seeking credit for ar-rearages accrued under the 1982 amended decree. This decree reads, in pertinent part, as follows:
“4-B. That custody of the minor child of the parties, to wit: Jason Stinson, is hereby granted to the Plaintiff and Defendant in that they shall have joint custody of said child with the Plaintiff having the minor child during the daylight hours and Defendant having said child during the evening and night-time hours and, during Defendant’s work days, the Defendant specifically having said child for that period of time after his work hours and until the following morning. It is further ordered that at any time the minor child wishes to spend the night with the Plaintiff, he shall be allowed to do so, and anytime he wishes to spend the daylight hours with the Defendant, he shall be allowed to do so. This custodial arrangement shall be followed by both parties as herein outlined by the Court.
“Judgment is hereby rendered in favor of the Plaintiff and against the Defendant in the amount of $20.00 per week as support for said child, for the collection of which execution or other process may issue, and Defendant is further ordered *1200 and directed, in addition to said support payments, to help furnish the clothing for said child.”
The father contends in particular that credit should be allowed for money expended during the daylight hours, since the mother was specifically given custody during this period of the day. The mother, however, submits that the expenditures for which the father seeks credit were foreseeable under their shared physical custody arrangement and, thus, taken into consideration by the trial court when it ordered the father to pay child support.
We have held that the award or denial of credit against arrearages in child support is a matter which lies within the discretionary power of the trial court. McDowell v. McDowell, 470 So.2d 1277 (Ala.Civ.App.1985). Although a trial court may, under certain circumstances, allow a father credit against child support arrearages, it is under no compulsion to do so. Ricks v. Ricks, 515 So.2d 26 (Ala.Civ.App.1987); Jackson v. Jackson, 449 So.2d 242 (Ala.Civ.App.1984).
In the instant case, the trial court granted a new hearing to specifically rule on the issue of credit. There was evidence that the father provided the child with money for lunch and other miscellaneous expenses. He also paid the child’s medical bills. It was only after the trial court heard the evidence and examined the various items of proof offered that it denied the father credit. In light of the evidence presented, we find that the trial court acted within its discretion in this particular case. Although there was arguably evidence presented which would justify credit being given to the father, we are not authorized here to substitute our judgment for that of the trial court. Marsh v. Marsh, 426 So.2d 847 (Ala.Civ.App.1983).
We now turn to the issue dealing with child support modification. It is well settled that modification of child support rests within the sound discretion of the trial court. Its decision regarding this matter will be upheld on appeal absent a showing of plain and palpable abuse. Hamilton v. Hamilton, 428 So.2d 65 (Ala.Civ.App.1983). The party seeking modification must show a sufficient change in circumstances since the last decree which affects the welfare of the child. Stiefelmeyer v. Stiefelmeyer, 485 So.2d 729 (Ala.Civ.App.1986).
The father submits that the mother failed to show a sufficient change in circumstances since the 1982 amended decree which would justify an increase in child support. The mother testified in essence that she needed an increase in child support because the child was older and the cost of living had increased since 1982. This court has ruled
“that the increase in age of minor children and the correlative increase in need for support, when coupled with the increase in the cost of living due to inflation, is sufficient to constitute a material change of circumstances and support a modification.”
Young v. Young, 376 So.2d 737, 739 (Ala.Civ.App.1979).
The father also submits that the child support modification in the present case is unjustified in view of the parties’ respective financial positions. The record reveals that both parties are employed and have remarried since the divorce. The father owns 50 percent of Citi-Valley Corporation, which appears to have assets totaling $979,000.00. He serves as vice president and earns approximately $15,000 a year. The mother works part-time at a floral company and owns rental property. Her yearly income fluctuates between $10,000 and $12,000. She also has savings totaling $12,000.
The record further reveals that both parties have shared the responsibility of raising the child in accordance with the 1982 amended decree. The child spends most nights at the father’s house and spends most afternoons with the mother. There is evidence that the mother launders his clothes, provides him with meals, picks him up from school, and provides him with transportation. In addition, there is evidence that she gives him a weekly allowance and buys some of his clothes. We *1201 cannot say, after reviewing the evidence with the attendant presumptions, that the trial court abused its discretion when it modified the 1982 child support provisions.
In view of the foregoing, the trial court’s judgment is due to be affirmed.
AFFIRMED.
HOLMES, P.J., and ROBERTSON, J., concur.