67 So.2d 840

**WOODS et al. v. BOARD OF EDUCATION OF WALKER COUNTY.**

**6 Div. 500.**

Supreme Court of Alabama.

Oct. 29, 1953.

Arthur D. Shores and Orzell Billingsley, Jr., Birmingham, for appellants.

Curtis, Maddox & Johnson, Jasper, for appellee.

SIMPSON, Justice.

The appeal is from an order of the circuit court of Walker County denying mandamus to require the Board of Education of the county to reinstate appellants to their former positions as teachers in the county school system.

The proceeding was instituted pursuant to Code 1940, Title 52, § 358, as amended, on the premise that the action of the school board in dismissing appellants was not based upon any fixed rule or standard and was therefore arbitrarily unjust.

Appellants were teachers in the county school system and had attained continuing service status and were notified on April 19, 1951, of their reappointment as teachers for the year 1951–1952 and they accepted the appointment. However, on July 9, 1951, after receiving the annual attendance report for the year which ended June 1951, it became necessary to reduce the number of teacher units in the county to comply with the allotments which would be made by the State Department of Education. Appellants were given notice of this status by the county board through the superintendent and were advised that their services would not be needed for the school year 1951–1952, but if the attendance should be increased where the employment of additional teachers should become necessary, their reemployment would be considered. Then when the 1951–1952 school year started, it was determined that the annual daily attendance of students had decreased to the extent that it was necessary to suspend a number of teachers to bring the number employed within the number allotted by the State Department of Education and to stay within the limitation of funds allowed for teachers. This suspension by the county board was with the hope that the school attendance might increase to where these teachers might be reemployed, but after two months of the 1951 school year had elapsed and no increase in attendance had been shown, the board considered it necessary to cancel the contracts of appellants, as they had been previously warned, and accordingly, after due notice in accordance with the provisions of the statute and a full hearing, at which the appel-

lants appeared in person and by counsel, the contracts were cancelled. The basis of cancellation was the justifiable decrease in the number of teaching positions due to the loss in school attendance. It is from this ruling of the board that the petition for mandamus was filed in the court below and from the denial of which this appeal has proceeded.

We are unable to pronounce error in the ruling of the trial court. Where a board, such as the board of education of a county, is created for the purpose of carrying a law into execution, all legal intendments are indulged in favor of the orders of such board and those orders will be upheld unless their invalidity is clearly shown by those who challenge them, the legal presumption being that such orders are reasonable and valid and were made upon proper evidence. Hawkins v. Vines, 249 Ala. 165, 30 So.2d 451; Boswell v. Bethea, 242 Ala. 292, 5 So.2d 816; 42 Am.Jur. 680, § 240. No contrary showing was made here to justify overturning the action of the board.

Section 356 of Title 52 provides that one of the grounds for the cancellation of an employment contract with a teacher on continuing service status is by reason of a "justifiable decrease in the number of teaching positions". The board rested its ruling in cancelling the contracts on that status and the evidence in support of the ruling sustained it. The number of Negro teachers was reduced from fifty-four to forty-nine and the board considered it necessary and proper to include appellants in the reduction. The mere fact that teachers retained were of less service or receiving less compensation would not of itself show any arbitrary action against appellants. Nor would the fact that the county board had set up no fixed ratio between the teacher load and the minimum student attendance make the action taken arbitrary. Of necessity much must be left to the enlightened discretion of the board and its superintendent of education and after canvassing the situation with which they were confronted and having fairly determined that it was necessary to undertake the reduction in teacher personnel on the basis of the reduction in student attendance, it was proper to so order it.

So considered, the order below impresses us as in all respects regular.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and CLAYTON, JJ., concur.