114 So.2d 145

Taylor KING, Jr.

v.

Evelyn Cook KING.

6 Div. 432.

Supreme Court of Alabama.

Aug. 13, 1959.

Lipscomb & Lipscomb and L. Herbert Etheridge, Bessemer, for appellant.

Ling & Bains, Bessemer, for appellee.

LAWSON, Justice.

This is an appeal from a final decree granting the appellee, the complainant below, an absolute divorce on the ground of cruelty. Said decree also awarded to appellee, as an allowance of alimony in gross, the one-half undivided interest of appellant in the home of the parties. Attorneys' fees were also awarded the appellee. There were no children.

We will not encumber the opinion with a delineation of the evidence going to show that respondent was guilty of cruelty as charged, since he does not contend here that the evidence was insufficient in that respect.

The main contention of the appellant, the respondent below, is that there was no marriage, hence there could be no divorce and he could not be required to pay alimony and attorneys' fees.

It is without dispute that there was a ceremonial marriage of appellant and appellee on April 12, 1952, under a license duly issued and that they cohabited as man and wife for nearly six years and until, to wit, March 3, 1958. It is also without dispute that on or about the date last mentioned the appellee, Evelyn Cook King, left the home which she and appellant had jointly purchased and which they had occupied for about five years because she had learned that at the time she went through the marriage ceremony with Taylor King a legal impediment existed to that marriage. Taylor King's marriage to Della King had not been dissolved.

The appellee filed a bill to annul her marriage to appellant but she had that bill dismissed when the appellant instituted proceedings to divorce Della. Appellant secured his divorce from Della on March 13, 1958. On that day or shortly prior thereto the appellee, Evelyn Cook King, returned to the house which she and appellant had purchased and she and appellant lived there until the final separation

of the parties on Saturday, July 26, 1958, the day on which the acts of cruelty are said to have occurred.

Subsequent to March 13, 1958, the date on which Taylor King was divorced from Della King, no ceremonial marriage was entered into between Taylor King and Evelyn King, but they continued to occupy their home until July 26, 1958, and the trial court found from the evidence taken orally before him that a common-law marriage existed between Taylor King and Evelyn King at the time of their separation.

■ The conflict in the proof relates to the question of cohabitation as man and wife following the decretal order of March 13, 1958. Appellant insists that while they each lived in their jointly owned house they remained separate; that he had no sexual intercourse with appellee during that period of time and did not look upon or hold her out to the public as his wife. But we are persuaded the decided weight of the evidence, supported we think by reasonable deductions from the undisputed facts, leads to the conclusion that Taylor King obtained the divorce from Della King for the very purpose of removing all doubt or question as to the validity of their ceremonial marriage, which both parties evidently considered entirely regular, and that they continued to live together as man and wife until the separation on July 26, 1958.

■ It is the well-settled rule that if parties in good faith marry when in fact a legal impediment exists to their marriage, and they continue to cohabit as man and wife after the removal of the impediment to their lawful union, the law presumes a common-law marriage. Barnett v. Barnett, 262 Ala. 655, 80 So.2d 626; Hunter v. Lynn, 256 Ala. 501, 55 So.2d 849; Hill v. Lindsey, 223 Ala. 550, 137 So. 395.

■ The mere fact that the parties could not get together on the time when and the place where they were to have another ceremonial marriage is not sufficient to over-

come the presumption of the common-law marriage and the evidence which we think tends to show that they had an actual and mutual agreement to enter into a matrimonial relation, permanent and exclusive of all others, which was consummated by their cohabitation as man and wife and by their mutual assumption openly of marital duties and obligations. See Beggs v. State, 55 Ala. 108; Tartt v. Negus, 127 Ala. 301, 28 So. 713; White v. Hill, 176 Ala. 480, 58 So. 444; Hunter v. Lynn, supra; Barnett v. Barnett, supra.

■ We are clear to the conclusion that the evidence in this record does not show that the parties, or either of them, did not intend to enter into the relation of husband and wife unless there was a formal solemnization of the marriage. Cf. Farley v. Farley, 94 Ala. 501, 10 So. 646; Turner v. Turner, 251 Ala. 295, 37 So.2d 186.

■■ The witnesses were examined in the presence of the trial court and the rule is well settled that a trial court's finding in an equity case upon oral evidence has the effect of a jury's verdict and will not be disturbed unless plainly and palpably wrong. Stewart v. Stewart, 261 Ala. 374, 74 So. 2d 423; Turner v. Turner, 261 Ala. 129, 73 So.2d 549; Hale v. Hale, 259 Ala. 666, 68 So.2d 63. We cannot say from the record before us that the trial court's finding from the evidence that a common-law marriage existed at the time of the separation is plainly and palpably wrong.

■ There is no objection to making an allowance of alimony in gross. Wood v. Wood, 263 Ala. 384, 82 So.2d 556; Ryan v. Ryan, 267 Ala. 677, 104 So.2d 700. As shown above, the trial court vested in appellee the one-half undivided interest which appellant owned in the home which the parties purchased in 1953 for a recited consideration of $4,500 and which was valued at $6,000 at time of trial. There was an outstanding mortgage of $2,000 on the house which appellant was not required to

pay. The evidence tends to show that both parties have made payments on the house since its purchase, but there is no way to determine with any degree of accuracy the amount which each has paid.

In determining the amount of permanent alimony there is no fixed rule, since each case must be decided upon its own relevant facts in the light of what is fair and reasonable. Steiner v. Steiner, 254 Ala. 260, 48 So.2d 184; Phillips v. Phillips, 221 Ala. 455, 129 So. 3.

We have carefully reviewed the record in reference to all matters affecting the amount of permanent alimony. A detailed recital thereof would serve no useful purpose. We cannot say with any degree of assurance that the allowance made by the trial court was not fair and reasonable and hence we feel constrained to sustain his ruling in that respect. See Ryan v. Ryan, supra.

Attorneys for appellee are entitled to a reasonable fee for their services commensurate with their labor and skill involved, the results of the litigation, and the earning capacity of the parties. Such allowance rests in the sound judicial discretion of the trial court, which we are not willing to say was abused by the trial court in the award of $150. Ryan v. Ryan, supra.

On appeal to this court, we may in our discretion make an allowance of attorneys' fees for representing the appellee on the appeal when application is made to do so. Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645; Ryan v. Ryan, supra.

The decree of the lower court is due to be and is hereby affirmed, with additional allowance of $75 for attorneys' fees for representing appellee in this court.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.