FAULKNER, Justice.
This is an appeal from an order denying the existence of a common-law marriage. We affirm.
Edna Hendrix, a beautician, met James Harrison, a dry docks worker, at Frosty Acres, a restaurant, just down from Little River, across the street from Blueberry Hill, on February 15, 1968. She was a widow, having five living children — he a divorcee, having three living children, one of which is Peggy Racca. From February 15 until April 27, they saw each other three times a week. They went to movies, to the American Legion Hall for singings, to Blueberry Hill for cold beer. She cooked for him. On April 27, according to Edna’s testimony, they totally committed themselves to each other — not in a ceremonial marriage — it was a private affair, and they began to live together as husband and wife. Just before Christmas, she said James gave her a ring he had purchased at Johnson’s Jewelry in Monroeville.
Edna testified that she and James lived together as husband and wife and were husband and wife at the time of his death on February 1, 1977. Even though Edna testified to the existence of a common-law marriage between herself and James, the evidence of the recognition of that marriage is in sharp conflict. Essentially, Edna’s witnesses testified that she and James were married — Peggy Racca’s witnesses testified they were not married— just living together. Among the documentary evidence are these items:
1. The death certificate reports James Harrison being a divorced person.
2. The death notice appearing in a local newspaper reports James Harrison’s survivors to be his mother, a son, 2 daughters, 3 brothers, and 3 sisters.
3. Federal and state income tax returns filed by James for the years 1969-1975, show him to be a single person.
4. Edna’s federal and state income tax returns for the years 1975-76 show her to be a single person.
5. Records of criminal proceedings brought against James by Connie Montgomery, a girl friend of his, for malicious destruction of property, and assault and battery, in 1969.
6. Oil and gas lease executed by James as a single man.
7. Life insurance application dated March 27, 1970, naming James’ mother as beneficiary, and showing him to be divorced.
*975 There was other documentary evidence, such as receipts, issued in the name of Edna Harrison or Mrs. James Harrison.
Taken as a whole or singularly, the documentary evidence is not conclusive as to whether a common-law marriage existed. However, the trial court apparently considered this evidence as having some weight. But, the principal issue is, was there public recognition of the marriage and cohabitation or mutual assumption openly of marital duties and obligations? See Skipworth v. Skipworth, 360 So.2d 975 [Ala., 1978], The trial court, after hearing very conflicting evidence ore tenus, answered this question in the negative and found that a common-law marriage did not exist. We will not disturb his findings, as we find that they were not plainly and palpably wrong. Skipworth; King v. King, 269 Ala. 468, 114 So.2d 145 (1959).
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.