Hoyt Dillard[1] and appellant Dwayne Hargett are employees of the Franklin County School System. They brought suit as a result of action of the Franklin County Board of Education (Board) reducing their discretionary salary supplements. The trial court, hearing the evidence ore tenus, upheld the action of the Board.
In late 1977 and early 1978, the Franklin County school system encountered serious financial problems. In April 1978, the situation had progressed to the point where the school system was unable to pay its bills, including teacher salaries, and the very real possibility existed that Franklin County schools would have to close prior to the expiration of the academic year.
The Superintendent of Education, appellee Billy Radford Hester, and two Board members, Billy Taylor and Laney West, made separate requests to the First National Bank of Russellville for loans to carry the school system through the academic year. The president of the bank, Wayne Malone, made an examination of the books and records of the school system during the week of April 17, 1978, and concluded that the school system required a loan of $730,000 to continue through the current academic year. He consulted with the loan committee *Page 1353 
of the bank, and it was decided that the bank would make additional loans to the system, but only if measures were taken to reduce expenditures so that the budget could be balanced.
As a result of concern over the financial condition of the school system, a meeting was held on Friday, April 21, 1978. Present at the meeting were Mr. Hester, Superintendent of the Franklin County Board of Education; Messrs. LeMay and West, Board members; Mr. Potts, attorney for the Board; Mr. Keller, attorney for Mr. Hester; and Mr. Malone, President of the First National Bank of Russellville. There was no discussion of any business nor was any action taken. It was decided that the group would meet again Sunday, April 23, 1978.
On that date, another meeting was held, this time at the bank, with the same persons present. It was agreed that a proposal would be made at a public meeting of the Board to establish a Financial Committee of the Board to make recommendations concerning budget cuts within strict guidelines to be determined by the Board. Also, at this meeting the character and good name of several Board employees were discussed.
A public meeting of the Board was held in the Franklin County Courthouse on Tuesday, April 25, 1978. The meeting was attended by the public and press. After full discussion, it was resolved that the Board would make an immediate application to the First National Bank of Russellville for a loan sufficient to enable the school system to operate. Furthermore, a resolution establishing a Financial Committee was adopted. The resolution provided in part as follows:
 That a Financial Committee be and it hereby is immediately appointed, consisting of Radford Hester, Superintendent, and Board members Laney West and J. O. LeMay. This Committee shall make recommendations to the Board at its meeting set for Thursday, April 27, at 4:00 p.m., concerning budget cuts, and the Superintendent agrees to recommend in writing and the Board members voting for this resolution agree to vote for, all of the recommendations of this committee. In the event that the Board members of the Committee and Superintendent disagree on any point, the President of the First National Bank of Russellville and the Accountant of the Board hereinafter appointed, shall arbitrate the matter and their decision shall be binding on all members of the Committee. The Committee shall be governed by the following guidelines:
 (a) All decisions concerning personnel reductions and salary reductions shall be made without regard to race, color, creed, religion, sex or national origin, and unless there is a valid educational or other nondiscriminatory reason for departing from this principle, in any category the last person hired shall be the first to be reduced-in-force.
 (b) All teachers aides shall not be rehired for the 1978-79 year except those under CETA program.
 (c) Johnny Hester and E.G. Butlet contracts shall not be renewed and their positions in the Central office abolished, effective June 30, 1978.
 (d) A sufficient number of non-tenured teachers shall be sent letters of non-renewal of their contracts.
 (e) Reductions in salaries and/or supplements of the following categories of employees shall be effected:
(1) Central Office Staff
(2) High School Principals
(3) Assistant High School Principals
(4) Junior High Principals
(5) Head Coaches
(6) Assistant Coaches
(7) Guidance Counselors
(8) Band Directors
 (f) Such other personnel reductions, expenditure reductions, as lawful, necessary and proper be effectuated.
 (g) The proposed budget to be recommended is to be balanced, in that expenditures *Page 1354 
will not exceed income, and shall provide for an adequate debt service to repay the loan from the First National Bank of Russellville. After the adoption of said budget no expenditures will be made by the Superintendent or his staff without the approval of the Board, and no material deviation will be allowed from the budget without the approval of the bank.
Additionally, the Board appointed Harry L. Smith, C.P.A., as its accountant.
The Financial Committee held its first meeting on April 26, 1978. Present were Board members LeMay and West, superintendent Hester, accountant Smith, and banker Malone. At this meeting, the committee agreed upon broad, general suggestions to make to the Board at its next public meeting.
The next public meeting of the Board was held on Thursday, April 27. The meeting was again held in the Franklin County Courthouse and all members of the Board were present as well as members of the public and press. A resolution was passed specifically authorizing the Board to obtain additional loans from the bank.
On May 5, the Financial Committee met in the office of the attorney for the Board. Messrs. Smith and Malone were present in addition to the committee members. At this meeting, it was suggested that the attorney for the Board draft a resolution to submit to the Board at its May 9 public meeting. The next day the attorney met with superintendent Hester and for approximately seven hours prepared a draft of a resolution concerning budget cuts to submit to the Board.
The draft was presented to the Board at its Special Annual Public Meeting held on May 9. After debate and some modifications, the proposed resolution was adopted by a 3 to 2 vote of the Board. As a result of the resolution, appellant's discretionary salary supplement was reduced as part of a general budget reduction throughout the school system.
Appellant, in urging reversal of the trial court's order, contends that the action by the Board reducing his supplement is void for two reasons. First, the resolution of April 25 upon which the action by the Board on May 9 was predicated unlawfully delegated the authority of the Board to a group who lacked the legal qualifications to make these decisions. Second, the resolutions of April 25 and May 9 were actually conceived, discussed, debated, and agreed upon at executive sessions of the Board (the meetings of April 21, 23, and May 5) in violation of the Alabama "Sunshine Law," Code 1975, § 13-5-1, and are, therefore, void. We disagree with both contentions.
It is established that the administration of school systems is the responsibility of the county boards of education. Code 1975, §§ 16-8-8 -9. Accordingly, the courts will not seek to control the exercise of the broad discretion given by the legislature to the county boards of education. All legal intendments are indulged in favor of the orders of such boards, and the orders are due to be upheld unless the invalidity is clearly shown by those challenging the order. Woods v. Board ofEducation of Walker County, 259 Ala. 559, 67 So.2d 840 (1953);Mullins v. Board of Education of Etowah County, 249 Ala. 44,29 So.2d 339 (1947).
The trial court expressly found that the Board did not delegate its discretionary duties to the Financial Committee or arbitrators, but on the contrary, that the Board exercised its discretionary duties itself in open, public meetings. Where the evidence is heard by the trial court ore tenus, it is well established that the trial court's findings will not be disturbed on appeal unless plainly and palpably wrong.Skipworth v. Skipworth, 360 So.2d 975 (Ala. 1978); King v.King, 269 Ala. 468, 114 So.2d 145 (1959). Accordingly, if there is any credible evidence to sustain the findings of the trial court, they must be upheld. LaPoint v. Barton, 57 Ala. App. 352,328 So.2d 605 (1976). We find that the record is replete with evidence to sustain the findings. *Page 1355 
As found by the trial court, the evidence establishes that the Financial Committee was created to receive advice from Mr. Malone and Mr. Smith and to evaluate in detail the steps needed to insure the financial solvency of the school system. The committee was to make its recommendations pursuant to specific guidelines established by the Board. Furthermore, the Board members were not legally compelled to vote in accordance with the Financial Committee's recommendations. Each Board member was, in actuality, free to accept or reject totally or in part the recommendations of the committee. The sole Board member testifying stated that he did not feel he was bound to accept the recommendations of the committee. In fact, the Board did not accept carte blanche the Financial Committee's recommendations, but made changes in the recommendations after full discussion at the May 9 public meeting.
Appellant relies upon Baugh v. Board of Education of MarshallCounty, 240 Ala. 391, 199 So. 822 (1941) (Baugh I). In Baugh I, plaintiffs were principals and teachers of the Marshall County Board of Education. They sought specific performance of their employment contracts alleging that the county board of education impermissibly delegated its authority by attempting to authorize the county superintendent of education to determine which teachers would not be reemployed for the next academic year. This court held that the decision of whom not to reemploy was, under the teacher tenure law, a nondelegable duty involving an exercise of the discretion of the county board. Since the resolution of the county board named no teachers and upon its face purported to leave the matter in the hands of the superintendent, the action was a nullity. The court further held that a subsequent resolution of the board listing the teachers to be dismissed was not effective as a ratification. After remand, the case was again appealed, Baugh v. Board ofEducation of Marshall County, 244 Ala. 522, 14 So.2d 508 (1943)(Baugh II). Upon review the court found that the county board was aware of the names of the teachers not to be reemployed since the board had before it memoranda from local boards containing names of teachers not to be rehired. Thus, in authorizing the superintendent to send notices of dismissal, the board had decided who was not to be reemployed and did not unlawfully delegate the duty to the superintendent. The court stated:
 It was the action of the Board and not the act of the Superintendent. It is clear enough that the Superintendent exercised much influence over the members of the Board concerning the matter of employment of teachers. But, nevertheless, the proof fully justifies the conclusion of the trial court that the Board authorized the action taken and did not delegate their discretionary powers to the County Superintendent of Education.
244 Ala. at 525, 14 So.2d at 511.
Likewise, in the instant case, it was the act of the Board and not the act of the Financial Committee that reduced appellant's discretionary salary supplement. Although the committee advised the Board and may have exercised much influence over it, the Board retained the authority to make the ultimate decision and did so at a public meeting after full discussion. In Baugh I
the court stated: "Such a meeting [of the Board] presupposes consultation and discussion — a deliberative body looking to the best interest of the school system with due regard likewise for justice and fairness to the teachers." 240 Ala. at 395-96,199 So. at 825-26. Here we find from the evidence that the Franklin County Board of Education met as a deliberative body and duly considered and discussed the matter while looking to the best interest of the school system with regard to fairness to school system employees. Thus, the action taken by it was not invalid as an impermissible delegation of authority.
Nor was the action void as a violation of the Alabama "Sunshine Law." The Alabama "Sunshine Law," Code 1975, § 13-5-1 provides:
 No executive or secret session shall be held by any of the following named boards, commissions or courts of Alabama, *Page 1356 
namely: Alabama public service commission; school commissions of Alabama; board of adjustment; state or county tax commissions; any county commission, any city commission or municipal council; or any other body, board or commission in the state charged with the duty of disbursing any funds belonging to the state, county or municipality, or board, body or commission to which is delegated any legislative or judicial function; except, that executive or secret sessions may be held by any of the above named boards or commissions when the character or good name of a woman or man is involved.
 Any person or persons violating any of the provisions of this section shall be guilty of a misdemeanor, and, upon conviction, shall be fined not less than $10.00 nor more than $500.00. Any person who remains in attendance upon any meeting of any of the above named boards or bodies which is being held in secret or executive session shall be deemed guilty of violating the provisions of this section. [Emphasis added.]
The trial court expressly found that the character and good name of individuals were discussed at the meetings alleged by appellant to have been held in violation of this section. We find that there was sufficient evidence to support the trial court's finding. Therefore, even if there were executive or secret sessions, which we do not decide, such meetings would come within the exception to § 13-5-1 permitting executive or secret sessions. Moreover, we recently held in Ex parte AlabamaPublic Service Commission, [Ms. Sept. 7, 1979] (Ala. 1979), that § 13-5-1 does not render action taken at a meeting held in violation thereof void.
Accordingly, the judgment of the trial court must be affirmed.
AFFIRMED.
BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.
[1] Hoyt Dillard was originally an appellant in this appeal; however, upon oral argument of the case, he moved to be dismissed as an appellant. The motion was granted.