This is an appeal from an order by the Washington County Circuit Court granting *Page 1346 
a writ of mandamus against the Washington County Board of Education (Board) and Superintendent of Education.
Betty McCain is a protected employee under §§ 36-26-100
through 36-26-108, Code 1975, Fair Dismissal Act, and in February 1987 was working in the central office as a bookkeeper.
The Board transferred McCain to another position, and she timely appealed that decision. However, no hearing on that appeal was held within the 60-day time period as required by § 36-26-106. McCain then filed a petition in circuit court requesting that the Board be ordered to immediately restore her to her previous position. The trial court granted the requested relief, and this appeal follows.
The single issue the Board argues on appeal is that the trial court erred in granting McCain's requested relief before she had exhausted all administrative remedies.
Generally, a party must exhaust all available administrative remedies before resorting to the courts. Hall v. City ofDothan, 539 So.2d 286 (Ala.Civ.App. 1988). However, the exhaustion doctrine is subject to certain exceptions, and when the action raises questions of law only, and not matters requiring administrative findings of fact, the doctrine does not apply. Hall, 539 So.2d at 289. See also Goolsby v. Green,431 So.2d 955, 958 (Ala. 1983).
The Fair Dismissal Act provides a non-teacher employee the right to appeal an action by the Board transferring that employee to another position, and it states that the hearing on the appeal "shall in no case be later than 60 days following the decision of the employing board." Our supreme court recognized the 60-day deadline in Bolton v. Board of SchoolCommissioners, 514 So.2d 820, 823 (Ala. 1987), when it stated: "[T]he problem in this case does not center upon the 60-day hearing deadline prescribed by § -106. . . ."
In Washington v. Bessemer Board of Education, 547 So.2d 888
(Ala.Civ.App. 1989), this court addressed § 36-26-106 and held that a "hearing by the review panel shall begin no later than 60 days following the decision of the board."
In this case, the trial court was not presented with any matters requiring administrative findings of fact. It was undisputed that a hearing on the appeal was not begun within the 60-day time period, and this was the basis upon which the relief was sought.
We find that the trial court correctly concluded that the issue to be decided was solely a matter of law and not dependent upon disputed facts and, consequently, did not err in determining that appellee was not required to exhaust all available administrative remedies before seeking relief in circuit court.
Finding no reversible error as to the issue raised, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., concurs in result.
RUSSELL, J., concurs specially.