The Geneva County Board of Education (Board) filed a complaint for declaratory relief in the Circuit Court of Geneva County against James Reeder, both individually and in his capacity as Superintendent of Education of the Geneva County Board of Education. The complaint alleged that the amount of Reeder's salary during his 1985-1989 term of office was set by action of the Board and alleged further that Reeder improperly directed the custodian of funds to pay him additional compensation that was not authorized by the Board. The complaint sought a declaratory judgment to determine the proper amount of Reeder's salary for the 1985-1989 term and further sought the return of the additional compensation obtained by Reeder.
The trial court issued a temporary restraining order on April 13, 1989 ordering Reeder to return the net amount of additional compensation he obtained. Reeder complied with this order and the funds were retained by the Board pending a final adjudication of the matter. Reeder filed an answer and a counterclaim alleging that he was statutorily entitled to the additional compensation he obtained.
Following an ore tenus proceeding, the trial court entered an order on February 14, 1990 in which it found that the Board was authorized to set the specific amount of Reeder's salary as superintendent, subject to certain statutory limits. The trial court further found that, while the statute allowed the Board to pay the amount of compensation Reeder sought, such compensation was not a matter of right and Reeder had no entitlement to the additional compensation he obtained.
Reeder filed an appeal from the declaratory judgment in the Supreme Court of Alabama. The supreme court then determined that the Court of Civil Appeals of Alabama had jurisdiction over the case and transferred the matter to this court.
Reeder took office as Superintendent of Education of Geneva County on July 1, 1981. During that term of office, ending on June 30, 1985, his salary was fixed by local act, 1980 Ala. Acts, No. 80-679 at $27,500 per annum. Reeder was subsequently reelected to a second term beginning July 1, 1985. Prior to the commencement of his second term, 1985 Ala. Acts, No. 85-618, was adopted and became effective. Reeder's salary for the second term was to be set according to the following provision of the Act:
 "Section 1. The Geneva County Board of Education is authorized to set the salary of the Superintendent of Education, at the next term of office and thereafter, at an index range between 1.5% to 1.9% of the then current salary schedule for teachers in Geneva County holding the same academic degree, or degrees, certification level and related experience."
At this point, we must address an essential flaw in this section of the Act. After each number in the index ranges, there appears a "per cent" figure; thus, the statute literally states that the superintendent's salary may equal only a tiny fraction of the salary paid to a teacher in the Geneva County system. This is obviously an error. Laws should be given a sensible construction, even when they appear unambiguous.Ex Parte Hayes, 405 So.2d 366 (Ala. 1981). Where the literal interpretation of the statute would lead to absurd consequences or thwart the obvious purpose of the statute, the court may deviate from such an interpretation. Bailey v. USX Corp.,850 F.2d 1506 (11th Cir. 1988).
On March 3, 1989 the Alabama Attorney General issued an opinion addressing this apparent error in the Act. The attorney general opined that Section 1 should be interpreted to mean that the superintendent could receive 1.5 to 1.9 times the salary of a teacher with his qualifications. We find that this is the most sensible interpretation of Section 1 and thus adopt it in this opinion.
Pursuant to Section 1 of the Act, the Geneva County School Board set Reeder's second-term salary at an index range of 1.6times the pay rate of a Geneva County teacher with Reeder's qualifications *Page 224 
and employed under a nine-month teaching contract. This translated into a salary of $37,429 per annum for Reeder.
Reeder was not elected to a third term as superintendent. In fixing the salary of Reeder's successor, the Board applied an index of 1.5 times the salary of a similarly qualified teacher employed under a twelve-month teaching contract.
After the Board set his successor's salary, Reeder calculated that he would have earned $46,783.80 more in salary from 1985 to 1989 if his salary had been set at 1.6 times the salary of a similarly qualified teacher employed under atwelve-month contract rather than under a nine-month contract. Without the approval of the Board, Reeder directed the custodian of funds to pay him $46,783.80, minus taxes and retirement. The Board subsequently filed for a declaratory judgment to determine whether Reeder was entitled to these funds.
On appeal, Reeder argues that Section 1 requires the Board to set the salary of the superintendent by applying the statutory index to a twelve-month employment contract. Reeder argues that the only matter left within the Board's discretion is what index number to apply.
In construing a statute, the court must glean the legislative intent behind the law and may do so by considering the language used, the reason for the statute's enactment, and the purpose sought to be obtained. Tin Man Roofing Co. v. Birmingham Boardof Education, 536 So.2d 1383 (Ala. 1988).
We do not find support for Reeder's argument in the language or purpose of Section 1. The section provides a sliding scale by which the Board may set the superintendent's salary at the beginning of his term, taking into account the financial health of the school system, as well as the qualifications of the superintendent himself.' Indeed, the statute was enacted to replace a statute that did not allow the Board to consider these crucial factors when setting the salary of the superintendent. Section 1 of the statute merely provides that the superintendent's salary will be set by the "current salary schedule" of a similarly qualified teacher. There is absolutelyno indication that this schedule must be that of a teacher employed under a twelve-month contract. From this, we can only infer that the legislature enacted Section 1 to provide the Board with the discretion it needed to tailor the superintendent's salary according to the circumstances existing at the time he was hired.
Courts have no right to stray into mazes of conjecture nor to search for imaginary purposes in construing a statute.Alabama Industrial Bank v. State ex rel. Avinger, 286 Ala. 59,237 So.2d 108 (1970). Here, the statute provides a minimum and maximum scale index by which the Board may make its determination, but there is nothing in the statute to suggest any other limit on the Board's discretion. Moreover, there is nothing in the record to suggest that the legislature intended any such limits. In short, except for the erroneous use of the "per cent" sign, the literal meaning of the statute is clear and reasonable. Accordingly, we must refrain from reading further meaning into the plain words of the law. Ex parteJones, 456 So.2d 380 (Ala. 1984), cert. denied, 470 U.S. 1062,105 S.Ct. 1779, 84 L.Ed.2d 838 (1985).
Having determined that the Board had statutory discretion to set Reeder's salary, we must now consider whether the Board abused this discretion.
The record reveals that in 1985, prior to the beginning of his second term as superintendent, Reeder met with members of the Board to discuss a raise in salary. The evidence shows that Reeder was centrally involved in every step of the process of negotiating his salary. Reeder specifically sought a salary of $37,429 plus a generous expense account, and the Board subsequently approved the exact amount requested by Reeder. Reeder repeatedly expressed his satisfaction with this amount, until he learned of the salary set by the Board for his successor.
In its order, the trial court found that the Board had in no way abused its discretion in setting Reeder's salary. The record is *Page 225 
replete with evidence to support this conclusion. When evidence is taken ore tenus by the trial court, its findings will not be disturbed on appeal unless they are plainly and palpably wrong.Decatur City Board of Education v. Aycock, 562 So.2d 1331
(Ala.Civ.App. 1990). There is no such error here; thus the trial court's judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.