BRYAN, Judge.
 

 In appeal no. 2070404, Pleasure Island Ambulatory Surgery Center, LLC (“Pleasure Island”), and Gary Ellis appeal from a summary judgment entered in favor of the State Health Planning and Development Agency (“SHPDA”); Alva Lambert, the executive director of SHPDA; and Infirmary Health System, Inc. (“Infirmary Health”). In appeal no. 2070424, the cities of Gulf Shores, Alabama, and Orange Beach, Alabama (“the cities”), appeal from a summary judgment entered in favor of SHPDA, Lambert, and Infirmary Health. Pleasure Island, Ellis, and the cities will sometimes be referred to collectively as “the plaintiffs”; Infirmary Health, SHPDA, and Lambert will sometimes be referred to collectively as “the defendants.” We reverse and remand.
 

 Infirmary Health owns two ambulatory surgery centers in Daphne, Alabama, which is located in Baldwin County. SHPDA granted certificates of need (“CONs”) to these two centers in 1998 and 2000. In February 2006, Pleasure Island filed a letter of intent with SHPDA, indicating that Pleasure Island would be seeking a CON to build an ambulatory surgery center in the southern part of Baldwin County.
 

 In April 2006, Infirmary Health sent a letter to Lambert, stating that Infirmary Health intended to relocate one of its ambulatory surgery centers from Daphne to the southern part of Baldwin County. Although the letter did not state the exact location of the proposed center in southern Baldwin County, evidence in the record on appeal indicates that the site of the proposed center is located approximately 86 miles from the Daphne center sought to be relocated. In its letter, Infirmary Health, pursuant to Rule 410-1-7-.02, Ala. Admin. Code (SHPDA), requested that Lambert determine whether the intended relocation of the ambulatory surgery center would require Infirmary Health to obtain a new CON from SHPDA.
 
 [1]
 
 Lambert subsequently issued a “letter of nonreviewability,” stating that Infirmary Health would not be required to obtain a new CON in order to relocate its ambulatory surgery center from Daphne to the southern part of Baldwin County. In August 2006, Pleasure Island applied with SHPDA to build an ambulatory surgery center in the southern part of Baldwin County.
 

 In September 2006, Pleasure Island sued SHPDA, Lambert, and Infirmary Health, seeking a judgment declaring whether Infirmary Health must a obtain a new CON in order to relocate its ambulatory surgery center from Daphne to the southern part of Baldwin County. Pleasure Island also sought injunctive relief and alleged due-process claims against SHPDA and Lambert. The cities, which are located at the southernmost part of Baldwin County, intervened as plaintiffs, alleging that Infirmary Health must obtain a CON to relocate its ambulatory surgery center. Ellis, a purported resident of Gulf Shores, was later joined as a plaintiff by Pleasure Island. Pleasure Island, the cit
 
 *742
 
 ies, Infirmary Health, SHPDA, and Lambert all moved for a summary judgment, and the trial court entered a summary judgment in favor of SHPDA, Lambert, and Infirmary Health. In its summary judgment, the trial court concluded that Infirmary Health was not required to obtain a new CON to relocate its ambulatory surgery center from Daphne to the southern part of Baldwin County. The plaintiffs filed notices of appeal to the supreme court, and that court transferred the appeals to this court, pursuant to § 12-2-7(6), Ala.Code 1975. The appeals were consolidated, and this court heard oral arguments regarding these appeals on September 29, 2008.
 

 “Appellate review of a summary judgment is de novo.
 
 Ex parte Ballew,
 
 771 So.2d 1040 (Ala.2000). A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P.”
 

 Hunt v. NationsCredit Fin. Servs. Corp.,
 
 902 So.2d 75, 88 (Ala.Civ.App.2004).
 

 On appeal, the plaintiffs argue that Infirmary Health must obtain a new CON from SHPDA in order to relocate its ambulatory surgery center because, the plaintiffs say, that relocation constitutes the construction or establishment of a “new health care facility” under state law. SHPDA must issue a CON in order for a “new institutional health service” to be acquired, constructed, or operated. § 22-21-265(a), AIa.Code 1975. Section 22-21-263(a), Ala.Code 1975, provides, in pertinent part:
 

 “(a) All new institutional health services which are subject to this article and which are proposed to be offered or developed within the state shall be subject to review under this article.... For the purposes of this article, new institutional health services shall include any of the following:
 

 “(1) The
 
 construction,
 
 development, acquisition through lease or purchase, or other establishment
 
 of a new health care facility
 
 ....”
 

 (Emphasis added.) Section 22-21-260(6), Ala.Code 1975, defines “health care facility” to include “facilities for surgical treatment of patients not requiring hospitalization,” a definition that includes an ambulatory surgery center.
 
 See
 
 Rule 410-2-4-12(2), Ala. Admin. Code (SHPDA) (defining an ambulatory surgery center as “any health care facility, licensed by the Alabama Department of Public Health, with the primary purpose of providing ... surgical care on an outpatient basis and in which the patient stays less than 24 hours”).
 

 “[W]e must give the words in a statute their plain, ordinary, and commonly understood meaning, and where plain language is used we must interpret it to mean exactly what it says.”
 
 Bean Dredging, L.L.C. v. Alabama Dep’t of Revenue,
 
 855 So.2d 513, 517 (Ala.2003). However, “[w]here the literal interpretation of the statute would lead to absurd consequences or thwart the obvious purpose of the statute, the court may deviate from such an interpretation.”
 
 Reeder v. Geneva County Bd. of Educ.,
 
 586 So.2d 222, 223 (Ala.Civ.App.1991).
 

 Section 22-21-260(4), Ala.Code 1975, defines “construction” to include the “[a]dual commencement, with bona fide intention of completing the construction, or completion of the construction, erection, remodeling,
 
 relocation,
 
 excavation, or fabrication of any real property constituting a facility under this article.” (Emphasis added.) Although § 22-21-260(4) defines construction to include the “relocation ... of any real property,” that phrase, read literally and in isolation, does not make sense in
 
 *743
 
 the context of this case. Considering the remainder of that phrase, “relocation ... of any real property
 
 constituting a facility,”
 
 the statute must be read as concerning the relocation of a facility onto real property, as opposed to the “relocation ... of any real property.”
 

 As noted, § 22-21-26S(a) provides that the “construction ... or ... establishment of a new health care facility” requires a CON review. Section 22-21-260(4) defines “construction” to include the “relocation” of a facility. In this case, it is undisputed that Infirmary Health intends to relocate one of its ambulatory surgery centers from Daphne to the southern part of Baldwin County. Accordingly, the intended relocation of the facility is “construction” under § 22-21-263(a), thus requiring Infirmary Health to undergo a CON review, and obtain a new CON, in order to relocate the facility.
 
 [2]
 

 In the letter of nonreviewability directed to Infirmary Health, Lambert did not cite § 22-21-263(a) or § 22-21-260(4). Instead, Lambert cited only Rule 410-1-2-.05, Ala. Admin. Code (SHPDA), which defines the term “health care facility” to include outpatient surgical facilities, and Rule 410-1-7-.05, Ala. Admin. Code (SHPDA), which discusses “letters of intent.” However, the letter of nonreview-ability implicitly interpreted § 22-21-263(a) and § 22-21-260(4) to exclude a “relocation” of a health-care facility from the definition of “construction,” thus allowing a relocation without a CON review. Evidence submitted to the trial court indicated that Lambert had issued several letters of nonreviewability for proposed reloca-tions since 1998. However, some previous executive directors of SHPDA opined that health-care providers would need to obtain a new CON in order to relocate a facility. We recognize that “[interpretations of an act by the administrative agency charged with its enforcement, though not conclusive, are to be given great weight by the reviewing court.”
 
 Hulcher v. Taunton,
 
 388 So.2d 1203, 1206 (Ala.1980). However, “[a]n administrative agency cannot usurp legislative powers or contravene a statute.”
 
 Ex parte Jones Mfg. Co.,
 
 589 So.2d 208, 210 (Ala.1991).
 

 “An administrative interpretation of long standing is normally entitled to favorable consideration by the courts, but 1... this rule of construction is to be laid aside where it seems reasonably certain that the administrator’s interpretation has been erroneous and that a different construction is required by the language of the statute.’
 
 Boswell v. Abex Corp.,
 
 294 Ala. 334, 336, 317 So.2d 317, 318 (1975).”
 

 Sand Mountain Bank v. Albertville Nat’l Bank,
 
 442 So.2d 13, 18 (Ala.1983). In this case, the language of the applicable statutory provisions conflicts with Lambert’s implicit interpretation of those provisions. Therefore, the language of the statutory provisions must prevail.
 
 Id.
 

 The defendants argue that Infirmary Health is not required to obtain a new CON in order to relocate its facility within Baldwin County because the “county” is the health service area for ambulatory surgery centers. Section 22-21-260(7),
 
 *744
 
 Ala. Code 1975, defines a “health service area” as “[a] geographical area designated by the Governor, as being appropriate for effective planning and development of health services.” Rule 410-1-2-.03, Ala. Admin. Code (SHPDA), provides:
 

 “[Health service] areas may vary according to the types of individual health services. In the absence of a designated geographical area for a particular service, the county in which the service is to be provided shall be deemed to be the health service area.”
 

 The State Health Plan does not designate a geographical area for ambulatory surgery centers. Therefore, by default, the county is deemed to be the health service area for an ambulatory surgery center. However, it does not follow from this fact that any relocation of an ambulatory surgery center within a county would not be subject to CON review. Section 22-21-260(4) does not distinguish between a relocation within a health service area and a relocation from one health service area to another, nor does any regulation made pursuant to that section make such a distinction. Section 22-21-260(4) simply refers to the “relocation” of a facility as being “construction,” without further geographic conditions; § 22-21-263(a) provides that “construction” of a new healthcare facility requires a new CON. Insofar as the default provision in Rule 410-1-2-.03 may be read as conflicting with § 22-21-260(4), the provisions of the statute prevail.
 
 Ex parte City of Birmingham,
 
 992 So.2d 30 (Ala.Civ.App.2008);
 
 see also Ex parte Jones,
 
 589 So.2d at 210.
 

 Further, our holding is consistent with the purpose underlying the statutes governing CON review, § 22-21-260 et seq., Ala.Code 1975. Section 22-21-261, Ala. Code 1975, provides, in pertinent part:
 

 “[I]t is the public policy of the State of Alabama that a [CON] program be administered in the state to assure that only those health care services and facilities found to be in the public interest shall be offered or developed in the state. It is the purpose of the Legislature in enacting this article to prevent the construction of unnecessary and inappropriate health care facilities through a system of mandatory reviews of new institutional health services .... ”
 

 Evidence indicated that Infirmary Health seeks to relocate its ambulatory surgery center from Daphne to a location approximately 36 miles away in southern Baldwin County. Further evidence indicated that an evaluation of the necessity, feasibility, and appropriateness of allowing an ambulatory surgery center at each of those locations would yield materially different results. Permitting a relocation without a CON review under these circumstances could undermine the purposes of the CON statute.
 
 See id.
 

 In their brief, SHPDA and Lambert argue that Pleasure Island failed to exhaust its administrative remedies before filing its action in the trial court. “Generally, a party must exhaust all available administrative remedies before resorting to the courts.”
 
 Hawkins v. McCain,
 
 549 So.2d 1345, 1346 (Ala.Civ.App.1989). However, exceptions exist to the general rule of exhaustion of administrative remedies:
 

 “The doctrine does not apply when (1) the question raised is one of interpretation of a statute, (2) the action raises only questions of law and not matters requiring administrative discretion or an administrative finding of fact, (3) the exhaustion of administrative remedies would be futile and/or the available rem
 
 *745
 
 edy is inadequate, or (4) where there is the threat of irreparable injury.”
 

 Ex parte Lake Forest Prop. Owners’ Ass’n,
 
 603 So.2d 1045, 1046-47 (Ala.1992). This case concerns the interpretation of a statute and involves only a question of law. Accordingly, Pleasure Island was not required to exhaust the administrative remedies available to it before filing its action in the trial court.
 
 [3]
 

 Infirmary Health must undergo a CON review in order to relocate its ambulatory surgery center from Daphne to the southern part of Baldwin County. Therefore, the trial court erred in entering a summary judgment in favor of the defendants. We reverse the trial court’s summary judgment, and we remand the case for further proceedings consistent with this opinion. This holding pretermits discussion of the plaintiffs’ arguments for reversal based on alleged due-process violations.
 

 2070404 — REVERSED AND REMANDED.
 

 2070424 — REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE,
 
 [4]
 
 JJ., concur.
 

 [1]
 

 . Rule 410-l-7-.02(l) provides that "[a]ny person may request for informational pur- , poses only a determination as to the current reviewability of an anticipated project ...."
 

 [2]
 

 . In October 2006, SHPDA issued a notice proposing to revise Rule 410-1-10, Ala. Admin. Code (SHPDA), "[t]o clarify that the relocation of health care facilities after issuance of a [CON] will require a new [CON], with the exception of certain de minimus relo-cations” and certain other exceptions. The proposed revision defined a "de minimus relocation” as a "relocation! ] within a two-mile radius.” SHPDA has not yet adopted the proposed revision.
 

 [3]
 

 . We note also that § 41-22-10, Ala.Code 1975, permits a declaratory-judgment action challenging the validity or applicability of a rule to be filed initially in the Montgomery Circuit Court.
 
 See Alabama Cellular Serv., Inc. v. Sizemore,
 
 565 So.2d 199 (Ala.1990). In this case, Pleasure Island challenged whether Lambert, pursuant to Rule 410-1-7-.02, could issue a letter of nonreviewability to Infirmary Health.